**ORIGINAL**

Stuart M. Richter (SBN 126231)
Gregory S. Korman (SBN 216931)
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Attorneys for Defendant
HOUSEHOLD FINANCE CORPORATION
OF CALIFORNIA

FILED

2010 APR 23   AM 10: 42

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DEBRA ANN BAILEY, both
individually and on behalf of all others
similarly situated,

        Plaintiff,

    vs.

HOUSEHOLD FINANCE
CORPORATION OF CALIFORNIA,
and DOES 1 through 10, inclusive

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. '10 CV 0857 WQH   RBB

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §1332(d)

(CLASS ACTION)

1
**NOTICE OF REMOVAL**

31521097v1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1332(d) defendant Household Finance Corporation of California ("Defendant") hereby removes to this Court the state court action described below.

1.     On March 23, 2010 an action was commenced in the Superior Court of the State of California in and for the County of San Diego, entitled *Debra Ann Bailey v. Household Finance Corporation of California*, as Case Number 37-2010-00088295-CU-BT-CTL.  A copy of the Complaint is attached hereto as Exhibit "A".

2.     Defendant was served with a copy of the Summons, Civil Case Cover Sheet, Notice of Case Assignment, ADR materials and Complaint through its agent CT Corporation on March 26, 2010.  Accordingly, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).  Copies of the Summons, Civil Case Cover Sheet, Notice of Case Assignment and ADR materials served on Defendant are attached hereto as Exhibit "B."  These documents, with the Complaint, constitute all process, pleadings, and orders served on Defendant in the state court action.

3.     This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453 in that this Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d) because, as set forth below, the amount in controversy exceeds the sum of $5,000,000 in the aggregate, exclusive of interest and costs, and Plaintiff and the California class she purports to represent on the one hand, and Defendant on the other hand, are citizens of different states.

(a)     <u>Amount in Controversy</u>.  Among other claims, in the second cause of action for violation of California Penal Code section 632, Plaintiff seeks statutory damages pursuant to California Penal Code section 637.2(a)(1) in the amount of $5,000 per alleged violation.  Plaintiff alleges at least one violation of section 632 of the California Penal Code per class member, and that there are likely more than 1,000 members of the putative class.  For purposes of this petition only, and not conceding liability or the existence or amount of potential damages recoverable by Plaintiff,

31521097v1

1    Defendant alleges that the total aggregate amount of statutory damages for the
2    putative class exceeds $5,000,000.

3        (b)   <u>Citizenship of the Parties</u>.  Plaintiff and the class members she purports
4    to represent are alleged to be citizens of the State of California.  Defendant is now and
5    was at the time this action commenced, a corporation incorporated under the laws of
6    the State of Delaware, with its principal place of business in the State of Illinois.  28
7    U.S.C. § 1332(c)(1).

8    DATED:  April 22, 2010

        KATTEN MUCHIN ROSENMAN LLP
9            Stuart M. Richter
        Gregory S. Korman

11           By:_____
12              Gregory S. Korman
        Attorneys for Defendant HOUSEHOLD
13           FINANCE CORPORATION OF
        CALIFORNIA

**NOTICE OF REMOVAL**

31521097v1

1  ARLEO LAW FIRM, PLC
   ELIZABETH J. ARLEO (CASB No. 201730)
2  1672 Main Street, Suite E, PMB 133
   Ramona, CA 92065
3  Telephone: 760/789-8000
   760/789-8081 (fax)
4  Email: elizabeth@arleolaw.com

5  THE CONSUMER LAW GROUP
   Alan M. Mansfield (SBN 125998)
6  9466 Black Mountain Rd., Suite 225
   San Diego, CA 92126
7  Tel: (619) 308-5034.
   Fax: (888) 341-5048
8
   Attorneys for Plaintiff
9

10        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11             IN AND FOR THE COUNTY OF SAN DIEGO

12  DEBRA ANN BAILEY, both individually and )   CASE NO. 37-2010-00088295-CU-BT-CTL
    on behalf of all others similarly situated,  )
13                                              )   CLASS ACTION
                   Plaintiff,                   )
14                                              )   COMPLAINT FOR VIOLATIONS OF:
           vs.                                  )
15                                              )   (1)  CALIFORNIA'S ROSENTHAL FAIR
    HOUSEHOLD FINANCE CORPORATION  )                   DEBT COLLECTION PRACTICES
16  OF CALIFORNIA, and DOES 1 through 10,  )           ACT, CAL. CIV. CODE. §1788 *ET*
    inclusive                                   )      *SEQ.*:
17                                              )
                   Defendants.                  )   (2)  CALIFORNIA'S INVASION OF
18  _____ )               PRIVACY ACT, CAL. PENAL CODE
                                                       §632, *ET SEQ.*
19
                                                   (3)  CALIFORNIA'S UNFAIR
20                                                     COMPETITION LAW, CAL. BUS. &
                                                       PROF. CODE §§17200, *ET SEQ.*
21
                                                   JURY TRIAL DEMANDED
22

23

24

25

26

27

28

                              -1-

Plaintiff, Debra Ann Bailey ("Plaintiff"), alleges as follows against defendant Household Finance Corporation of California ("Defendant" or "HFC") and DOES 1-10, inclusive ("Defendants") on information and belief, unless otherwise indicated, formed after an inquiry reasonable under the circumstances and which allegations are likely to have evidentiary support after an opportunity for further investigation and discovery, as follows:

## GENERAL ALLEGATIONS

1.     This action arises out of Defendants' violations of California's Rosenthal Fair Debt Collection Practices Act, California Civil Code §§1788-1788.32 ("CA FDCPA"), which prohibits unfair and deceptive debt collection practices including the surreptitious recording and/or monitoring of telephonic communications; California's Invasion of Privacy Act, Cal. Penal Code §630, *et seq.* ("CIPA"), which prohibits the recording of telephonic communications without two-party consent, and California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.* ("UCL"), which prohibits the commission of unlawful, unfair and fraudulent business acts and practices.

2.     Plaintiff brings this action to challenge the misconduct of Defendants with regard to Defendants' attempts, as part of what appears to be a pattern and practice, to unlawfully, oppressively, fraudulently, and/or maliciously collect on consumer loans allegedly due Defendants, which caused Plaintiff and others actual and statutory damages.

3.     The use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of each Defendant.

4.     California's Invasion of Privacy Act prohibits the recording and/or monitoring of telephonic communications without two-party consent.  Consumers and other alleged debtors, such as Plaintiff, are less likely to disclose personal information and otherwise talk candidly with a creditor or debt collector via telephone if they are informed at the beginning of the telephone conversation that their call may be recorded and/or monitored.  Plaintiff desired the telephone communications be confined to the parties participating in the conversation.  Plaintiff reasonably expected that the telephonic communications would not be recorded and/or monitored.  In a

1 letter to Plaintiff's counsel, HFC admitted that Defendants engage in a pattern and practice of

2 recording and/or monitoring telephonic communications. In violation of the CA FDCPA,

3 Defendants recorded and/or monitored Plaintiff's and the Class members' telephonic

4 communications *without* their consent. In violation of California's Invasion of Privacy Act,

5 Defendants recorded Plaintiff's and the Class members' telephonic communications *without*

6 their consent.

7      5.    The actions, omissions, misrepresentations, practices and non-disclosures of

8 Defendants as alleged herein constitute unlawful, unfair and fraudulent business practices in

9 violation of Cal. Bus. & Prof. Code §17200, *et seq.* Defendants need only to have violated one

10 of these provisions to be strictly liable therefor. Defendants have specifically engaged in

11 "unlawful" business acts and practices by violating the CA FDCPA and California's Invasion of

12 Privacy Act.

13                             **JURISDICTION AND VENUE**

14      6.    This Court has jurisdiction over all causes of action asserted herein pursuant to

15 the California Constitution, Article VI, §10, because this case is a cause not given by statute to

16 other trial courts, as this action is brought pursuant to Cal. Civil Code §§1788-1788.32, Cal.

17 Penal Code §632, *et seq.*, and Cal. Bus. & Prof. Code §17200, *et seq.* to remedy Defendants'

18 violations of law.

19      7.    This Court has jurisdiction over the Defendants named herein because each

20 defendant is either a corporation organized and existing under the laws of the State of California,

21 a corporation that does sufficient business in California, or is an individual who has sufficient

22 minimum contacts with California to render the exercise of jurisdiction by the California courts

23 permissible under traditional notions of fair play and substantial justice.

24      8.    Venue is proper in this Court because one or more of the Defendants either

25 resides in or maintains offices in this County, a portion of the transactions and wrongs

26 complained of herein, including Defendants' primary participation in the wrongful acts detailed

27 herein as against Plaintiff, occurred in this County, and Defendants have received substantial

28

-3-

1    compensation in this County by doing business here and engaging in numerous activities that had

2    an effect in this County.

3        9.    Personal jurisdiction is proper because Defendants do substantial business in the

4    State of California.

5                                    **PARTIES**

6        10.    On personal knowledge, Plaintiff, Debra Ann Bailey, is a natural person residing

7    in San Diego County, California.

8        11.    On personal knowledge, Plaintiff was allegedly obligated to pay a debt, and is

9    therefore a "debtor", as that term is defined by Cal. Civ. Code §1788.2(h) of the CA FDCPA.

10        12.    Defendant Household Finance Corporation of California is, and at all relevant

11    times has been, a corporation with offices located throughout California, including this County,

12    and with its designated principal office for communications in California in the City of Industry.

13    HFC is authorized to do business in the State of California, being licensed to operate as a

14    California finance lender by the California Department of Corporations.

15        13.    Defendants DOES 1 through 10 are persons, corporations, partnerships or other

16    entities who have done or will do acts otherwise alleged in this complaint. Defendants DOES 1

17    through 10, inclusive, at all times mentioned herein, have acted and are continuing to act in

18    concert with HFC, and each of them has participated in the acts and transactions referred to

19    below and each of them is responsible for said acts and transactions. The true names, roles and

20    capacities of DOES 1 through 10, whether individual, corporate or otherwise, are unknown to

21    Plaintiff, who therefore sues said Defendants under such fictitious names, pursuant to the

22    provisions of Section 474 of the California Code of Civil Procedure.

23        14.    At all times herein mentioned each of the Defendants sued herein as a Doe

24    Defendant was the agent or employee of each of the remaining Defendants and was at all times

25    acting within the purpose and scope of such agency or employment.

26        15.    At all times material and relevant hereto, Defendants are persons who, in the

27    ordinary course of business, regularly, on behalf of themselves or others, engage in debt

28

-4-
CLASS ACTION COMPLAINT

1   collection, and are, therefore, "debt collectors," as that term is defined by Cal. Civil Code

2   §1788.2(c) (as incorporated by Cal. Bus. & Prof. Code §6077.5).

3       16.   At all times material and relevant hereto, Defendants are persons who extend

4   consumer credit to debtors, and are, therefore, "creditors" as that term is defined by Cal. Civil

5   Code §1788.2(i).

6                                   **FACTUAL ALLEGATIONS**

7       17.   On personal knowledge, Plaintiff was an individual residing within the State of

8   California in the County of San Diego.

9       18.   At all times relevant hereto, Defendants conducted business in the State of

10  California.

11      19.   This case involves money, property or other equivalent, alleged to be due or

12  owing from a natural person by reason of a consumer credit transaction, and was therefore

13  "debt(s)" as that term is defined by California Civil Code §1788.2(d). As such, this action arises

14  out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code

15  §1788.2(f).

16      20.   In 2007, Plaintiff received an unsecured personal loan from HFC in the amount of

17  $6,000. The annual interest rate on the loan was 29% and monthly payments were $229. During

18  a two-year period, up to and including July 2009, Plaintiff consistently made monthly payments

19  of $250 to HFC on her consumer loan.

20      21.   During 2009, due to financial difficulties arising from Plaintiff's medical

21  problems and loss of income from her employment, Plaintiff was unable to continue making her

22  monthly payment and became delinquent on the loan sometime in or about July 2009.

23      22.   As described in detail below, beginning in July 2009 through October 2009,

24  Defendants persisted in a course of action in making hundreds of telephone calls to Plaintiff's

25  cellular telephone in an attempt to coerce her to make a payment of $229. During this time

26  period, rather than work with her in a time of personal crisis and despite her being ahead on her

27  loan payments prior to July 2009, Defendants telephoned Plaintiff from 6 to 10 occasions *per*

28  *day*. On multiple occasions, Plaintiff spoke with an HFC representative and explained to them

-5-

1  her personal financial circumstances and her willingness to work with HFC.  Yet even after these

2  calls, the daily automated harassment by Defendants including but not limited to the following

3  occasions.

4      23.    On September 2, 2009, Defendants caused Plaintiff's cellular telephone to ring at

5  least *six* times, including but not limited to, telephone calls made by Defendants at 8:16 a.m.,

6  11:42 a.m., 3:44 p.m., 5:16 p.m., 7:14 p.m., and 8:03 p.m.

7      24.    On September 3, 2009, Defendants caused Plaintiff's cellular telephone to ring at

8  least *eight* times, including but not limited to, telephone calls made by Defendants at 8:07 a.m.,

9  10:04 a.m., 11:42 a.m., 3:47 p.m., 5:15 p.m., 6:22 p.m., 7:27 p.m. and 8:05 p.m.

10      25.    On September 4, 2009, Defendants caused Plaintiff's cellular telephone to ring at

11  least *six* times, including but not limited to, telephone calls made by Defendants at 8:15 a.m.,

12  10:34 a.m. 1:58 p.m., 5:41 p.m., 6:52 p.m. and 8:21 p.m.

13      26.    On September 5, 2009, Defendants caused Plaintiff's cellular telephone to ring at

14  least *six* times, including but not limited to, telephone calls made by Defendants at 8:02 a.m.,

15  9:36 a.m., 11:47 a.m., 1:53 p.m., 5:58 p.m. and 7:54 p.m.

16      27.    On September 7, 2009, Defendants caused Plaintiff's cellular telephone to ring at

17  least *eight* times, including but not limited to, telephone calls made by Defendants at 8:09 a.m.,

18  9:46 a.m., 11:43 a.m., 12:27 p.m., 2:09 p.m., 4:48 p.m., 6:06 p.m. and 8:17 p.m.

19      28.    On September 8, 2009, Defendants caused Plaintiff's cellular telephone to ring at

20  least *six* times, including but not limited to, telephone calls made by Defendants at 8:04 a.m.,

21  10:06 a.m., 11:43 a.m., 3:56 p.m., 6:38 p.m. and 8:17 p.m.

22      29.    On September 9, 2009, Defendants caused Plaintiff's cellular telephone to ring at

23  least *ten* times, including but not limited to, telephone calls made by Defendants at 8:01 a.m.,

24  9:53 a.m., 10:42 a.m., 11:46 a.m., 12:43 p.m., 2:02 p.m., 3:39 p.m., 5:18 p.m., 7:13 p.m. and 8:26

25  p.m.

26      30.    On September 10, 2009, Defendants caused Plaintiff's cellular telephone to ring

27  at least *six* times, including but not limited to, telephone calls made by Defendants at 8:19 a.m.,

28  11:47 a.m., 1:26 p.m., 3:54 p.m., 6:29 p.m. and 8:21 p.m.

CLASS ACTION COMPLAINT

31.    On September 11, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *six* times, including but not limited to, telephone calls made by Defendants at 8:11 a.m., 11:31 a.m., 2:33 p.m., 4:46 p.m., 6:54 p.m. and 8:17 p.m.

32.    On September 12, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *six* times, including but not limited to, telephone calls made by Defendants at 8:03 a.m., 10:18 a.m., 11:49 a.m., 4:07 p.m., 6:17 p.m., and 8:11 p.m.

33.    On September 14, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *six* times, , including but not limited to, telephone calls made by Defendants at 8:08 a.m., 10:34 a.m., 11:23 a.m., 4:33 p.m., 6:46 p.m., and 8:09 p.m.

34.    On September 15, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *six* times, including but not limited to, telephone calls made by Defendants at 8:02 a.m., 9:554 a.m., 11:43 a.m., 3:56 p.m., 6:37 p.m. and 8:06 p.m.

35.    On September 16, 2009, Defendants caused Plaintiff's cellular telephone at least *five* times, including but not limited to, telephone calls made by Defendants at 8:07 a.m., 11:42 a.m., 2:47 p.m., 7:01 p.m. and 8:06 p.m.

36.    On September 17, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *five* times, including but not limited to, telephone calls made by Defendants at 8:18 a.m., 11:36 a.m., 3:51 p.m., 7:04 p.m. and 8:09 p.m.

37.    On September 18, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *five* times, including but not limited to, telephone calls made by Defendants at 8:08 a.m., 11:42 a.m., 4:18 p.m., 7:02 p.m. and 8:06 p.m.

38.    On September 19, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *five* times, including but not limited to, telephone calls made by Defendants at 8:12 a.m., 11:48 a.m., 3:49 p.m., 7:01 p.m. and 8:09 p.m.

39.    On September 21, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *five* times, including but not limited to, telephone calls made by Defendants at 8:03 a.m., 11:42 a.m., 3:16 p.m., 7:05 p.m. and 8:11 p.m.

CLASS ACTION COMPLAINT



40. On September 22, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *five* times, including but not limited to, telephone calls made by Defendants at 8:07 a.m., 11:40 a.m., 4:37 p.m., 7:03 p.m. and 8:04 p.m.

41. On September 23, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *five* times, including but not limited to, telephone calls made by Defendants at 8:13 a.m., 11:43 a.m., 4:57 p.m., 7:05 p.m. and 8:09 p.m.

42. On September 24, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *five* times, including but not limited to, telephone calls made by Defendants at 8:04 a.m., 11:40 a.m., 4:23 p.m., 7:01 p.m. and 8:08 p.m.

43. On September 25, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *five* times, including but not limited to, telephone calls made by Defendants at 8:11 a.m., 11:37 a.m., 4:56 p.m., 6:31 p.m. and 8:18 p.m.

44. On September 26, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *five* times, including but not limited to, telephone calls made by Defendants at 8:07 a.m., 11:27 a.m., 3:47 p.m., 6:21 p.m. and 8:02 p.m.

45. On September 28, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *seven* times, including but not limited to, telephone calls made by Defendants at 8:05 a.m., 9:52 a.m., 11:40 a.m., 2:43 p.m., 4:13 p.m., 6:59 p.m. and 8:07 p.m.

46. On September 29, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *nine* times, including but not limited to, telephone calls made by Defendants at 8:04 a.m., 9:45 a.m., 11:42 a.m., 1:21 p.m., 3:35 p.m., 4:33 p.m., 5:36 p.m., 6:13 p.m. and 8:14 p.m.

47. On September 30, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *six* times, including but not limited to, telephone calls made by Defendants at 8:05 a.m., 11:34 a.m., 1:43 p.m., 4:16 p.m., 6:04 p.m. and 8:07 p.m.

48. On October 5, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *five* times, including but not limited to, telephone calls made by Defendants at 8:16 a.m., 11:40 a.m., 6:06 p.m., 7:03 p.m. and 8:08 p.m.

-8-

CLASS ACTION COMPLAINT

49.     On October 6, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *five* times, including but not limited to, telephone calls made by Defendants at 8:07 a.m., 11:44 a.m., 6:02 p.m., 7:12 p.m. and 8:06 p.m.

50.     On October 7, 2009, Defendants caused Plaintiff's cellular telephone to ring at least *five* times, including but not limited to, telephone calls made by Defendants at 8:09 a.m., 11:40 a.m., 6:01 p.m. 7:06 p.m. and 8:06 p.m.

51.     Unknown to Plaintiff at the time, whenever Plaintiff responded to these calls (which took place on multiple occasions) and spoke with an HFC representative, Defendants were secretly recording and or monitoring these confidential telephonic communications. For example, on October 8, 2009 at approximately 8:00 p.m., Plaintiff received a telephone call from HFC. While speaking to the representative, Plaintiff inquired whether HFC was recording their conversation.  The HFC representative responded affirmatively.  This recording was done without Plaintiff's consent.  At no time did Plaintiff either expressly or implicitly consent to the recording or receive an advance advisory that the telephone call would be recorded and/or monitored.

52.     On October 15, 2009, Plaintiff sent a letter via Certified Mail Return Receipt to HFC, P.O. Box 60101, City of Industry, CA 91716-0101 notifying HFC that the secret tape recording and monitoring of HFC's telephonic conversations with Plaintiff were not authorized, that recordings were made without her consent, and that HFC did not inform Plaintiff that the telephonic communications could be recorded or monitored.  Plaintiff also requested copies of any and all conversations recorded by Defendants.

53.     Defendants have not responded to Plaintiff's October 15, 2009 letter.

54.     On January 15, 2010, Plaintiff's undersigned counsel sent a letter to the General Counsel of HSBC Finance Corporation, the parent company of HFC, informing it and HFC of California that HFC was violating Cal. Penal Code §630, *et seq.* by secretly recording the telephonic communications between Plaintiff and HFC representatives without any advisory statement from HFC that the call may be recorded.  The letter also informed Defendants of its

1  apparent violations of the CA FDCPA and California's UCL and requested such conduct be

2  stopped.

3      55.    HFC's Customer Relations Department responded to Plaintiff's counsel in a letter

4  dated January 29, 2010.  Therein, HFC *admitted* that, as a matter of corporate policy and as

5  indicated by the pattern of calls set forth above, HFC initiates multiple telephone calls daily in

6  attempts to collect debts, that telephone "calls are randomly monitored for quality assurance",

7  and that telephonic conversations are "recorded" including Plaintiff's October 8, 2009

8  conversation.  HFC also stated that the October 8, 2009 recording was "no longer" accessible

9  due to Defendant's unspecified "record retention period".

10      56.    Defendants thus have admittedly persisted in a course of conduct against Plaintiff

11  and other similarly situated persons in a manner that violated the CA FDCPA and CIPA,

12  including but not limited to the following: (i) causing Plaintiff's and other consumers' telephones

13  to ring repeatedly and continuously; (ii) failing to inform Plaintiff and other consumers that

14  Defendants were recording the telephonic communications between them; (iii) and failing to

15  inform Plaintiff and other consumers that Defendants were monitoring the telephonic

16  communications between them.

17                 POLICIES AND PRACTICES COMPLAINED OF

18      57.    It is the admitted policy and practice of Defendants to engage in telephonic

19  communications with residents of the State of California and to record and/or monitor these

20  telephonic communications without advising such persons that such telephonic communications

21  are being recorded, in violation of California Penal Code §630, *et seq.*

22      58.    It is the admitted additional policy and practice of Defendants to telephone

23  alleged debtors multiple times per day using an auto-dial system in an attempt to collect debts

24  allegedly owed to Defendants.

25                       CLASS ALLEGATIONS

26      59.    Plaintiff brings this action on her own behalf and on behalf of all other persons

27  similarly situated, pursuant to the provisions of Cal. Code Civ. Proc. §382 and Cal. Civ. Code

28  §1781.  For the CA FDCPA claims, the class period is one year prior to the filing of this

1   complaint. For the claims brought pursuant to California's Invasion of Privacy Act and Business

2   & Prof. Code claims, the class period is four years prior to the filing of this complaint.

3       The classes that Plaintiff seeks to represent (collectively "the Class") are defined as:

4           **Class A**: All consumers who currently reside in California who Defendants caused

5           their telephone to ring on multiple occasions in a day in an attempt to collect a debt

6           during the time period four years prior to the filing of this Complaint;

7           **Class B**: All consumers who currently reside in California whose telephonic

8           communications with Defendants were recorded during the time period four years

9           prior to the filing of this Complaint.

10       60.    Excluded from the Class are all managers and directors of Defendants and

11   members of their immediate families, the Court, and legal counsel for either side, and all

12   members of their immediate families.

13       61.    The identities of the Class members are ascertainable from Defendants' records.

14       62.    This action has been brought and may properly be maintained as a class action

15   pursuant to the provisions of Cal. Civ. Code §1781 because there is a well-defined community of

16   interest in the litigation:

17           a.  *Numerosity:*  The Class is so numerous that joinder of all members is

18           impractical.  As close to 20% of Household Finance Corporation's total loan

19           volume involves loans in California, there are likely more than 1,000

20           members of the Class.

21           b.  *Common Questions Predominate:*  There are questions of law and fact

22           common to the Class, which questions predominate over any questions

23           affecting only individual members. The principal issues are:

24             i. Whether Defendants violated §1788.11(d)-(e) of the CA FDCPA by

25             causing Class members' telephones to ring repeatedly to annoy the

26             person called and by communicating by telephone or in person with

27             the debtor with such frequency as to be unreasonable and to constitute

28             harassment of the debtor under the circumstances.

ii. Whether Defendants violated §1788.17 of the CA FDCPA (incorporating 15 U.S.C. §1692d(5)) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

iii. Whether Defendants violated §1788.17 of the CA FDCPA (incorporating 15 U.S.C. §1692e and its subdivisions) by using any false or misleading representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, specifically by surreptitiously recording and/or monitoring telephonic communications without the consumer's advance express or implied consent;

iv. Whether Defendants violated §1788.17 of the CA FDCPA (incorporating 15 U.S.C. §1692f and its subdivisions) by using any unfair or unconscionable means to collect or attempt to collect any debt, specifically by surreptitiously recording and/or monitoring telephonic communications without the consumer's advance express or implied consent; and

v. Whether Defendants violated California's Invasion of Privacy Act (Cal. Penal Code §630, *et seq.*) by surreptitiously recording telephonic communications with consumers without obtaining the consumer's advance express or implied consent.

c. *Typicality:* Based on the conduct described above, Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have similar claims and remedies arising out of Defendants' common course of conduct complained of herein.

d. *Adequacy:* Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is committed to vigorously litigating this

-12-

matter, and has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither Plaintiff nor Plaintiff's counsel have any irreconcilable conflicting interests that might cause them not to vigorously pursue this claim.

e. *Superiority:* To the extent an element for certification of such claims, a class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual members' claims for damages are relatively modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

### FIRST CAUSE OF ACTION

**(Violations of the California Fair Debt Collection Practices Act
Cal. Civil Code §§1788, *et seq.*)
(Against all Defendants)**

63.     Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

64.     Defendants violated California Civil Code §1788.11(d)-(e) by causing Plaintiff's and Class members' telephones to ring repeatedly in a day to annoy the person called and by communicating by telephone or in person with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances.

-13-

65.     Defendants violated California Civil Code §1788.17 by failing to comply with the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* in the following ways:

    i.  by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. §1692d(5) (which is incorporated by §1788.17 of the CA FDCPA);

    ii.  by using false or misleading representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, specifically by surreptitiously recording and/or monitoring telephonic communications in violation of 15 U.S.C. §1692e and its subdivisions (which is incorporated by §1788.17 of the CA FDCPA);

    iii.  by using any unfair or unconscionable means to collect or attempt to collect any debt, specifically by surreptitiously recording and/or monitoring telephonic communications in violation of 15 U.S.C. §1692f and its subdivisions (which is incorporated by §1788.17 of the CA FDCPA).

66.     Defendants' violations of the CA FDCPA were willful.

67.     As a result of the above-described violations of the CA FDCPA, Plaintiff is therefore entitled to recover actual damages from Defendants pursuant to Cal. Civil Code §1788.30(a), statutory damages pursuant to Cal. Civil Code §1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civil Code §1788.30(c).

68.     Defendants are also liable to all members of the Class for actual and statutory damages, attorneys' fees and costs pursuant to Cal. Civil Code §1788.30.

///

///

///

-14-

CLASS ACTION COMPLAINT



## SECOND CAUSE OF ACTION

(For Statutory Damages and Injunctive Relief Under
Calif. Penal Code §637.2(a)-(b) Based on Violations
of Calif. Penal Code §632)
(Against All Defendants)

69.     Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

70.     At all times relevant herein, Defendants' collection personnel have routinely communicated by telephone with Plaintiff and other Class members who reside and are located in the State of California.

71.     At all times relevant herein, Defendants have made use of a software system that enables them to secretly record telephone conversations between Defendants' representatives and Class members while such Class members reside and are located in the State of California.

72.     Defendants' telephone communications with Plaintiff and Class members were secretly recorded by Defendants without any advisory that the telephonic communication could be monitored and/or recorded, and without obtaining either express or implied advance consent to record such conversations, in violation of Cal. Pen. Code §632.

73.     All collection calls that have been surreptitiously recorded by Defendants were "confidential communications" within the meaning of Cal. Pen. Code §632(c) in that Plaintiff and Class members desired the telephone communications to be confined to the parties thereto and not publicly disseminated.

74.     Without advising Plaintiff and Class members that the telephonic communications could be or were being recorded, Defendants recorded their telephone conversations with Plaintiff and Class members in violation of Cal. Pen. Code §632(a).

75.     Pursuant to Cal. Pen. Code §637.2(a)(1), Plaintiff and Class members are entitled to recover statutory damages in the amount of $5,000 per violation.

76.     Pursuant to Cal. Pen. Code §637.2(b), Plaintiff also seeks a preliminary and permanent injunction to restrain Defendants from committing further violations of §632(a) of California's Invasion of Privacy Act.

-15-
CLASS ACTION COMPLAINT

# THIRD CAUSE OF ACTION

**(Violation of the Unlawful, Unfair and Fraudulent Business Acts and Practices Act California Business and Professions Code §17200, *et seq.*)**
**(Against All Defendants)**

77.     Plaintiff incorporates by reference all of the above paragraphs of this Class Amended Complaint as though fully stated herein.

78.     The acts, omissions, misrepresentations, practices and non-disclosures of Defendants as alleged herein constitute unlawful, unfair and fraudulent business acts and practices within the meaning of California Business & Professions Code §17200, *et seq.*

79.     Defendants have engaged in "unlawful" business acts and practices by violating California's Rosenthal Fair Debt Collection Practices Act, and California's Invasion of Privacy Act, as set forth in more detail above.

80.     Defendants have also engaged in a "fraudulent" business act or practice in that the representations and omissions of material fact described above have a tendency and likelihood to deceive Plaintiff and the Class.

81.     Defendants have also engaged in an "unfair" business act or practice in that any justification for engaging in the conduct described above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and offends public policy, is immoral, unscrupulous, unethical and offensive, or causes substantial injury to consumers.

82.     Defendants need only to have violated one of the provisions set forth in this cause of action to be strictly liable under this cause of action.

83.     The above-described unlawful, fraudulent or unfair business acts and practices conducted by Defendants continue to this day and present a threat to the general public in that Defendants have failed to publicly acknowledge the wrongfulness of their actions and provide full equitable injunctive and monetary relief as required by the statute.

84.     As Plaintiff has suffered an injury in fact and a loss of money or property as a result of Defendants engaging in such acts of unfair competition, pursuant to California Business & Professions Code section 17203, Plaintiff seeks an order of this Court requiring Defendants to immediately cease such acts of unfair competition and enjoining Defendants from continuing to

-16-

1   conduct business via the unlawful, fraudulent or unfair business acts and practices set forth in

2   this Complaint. Plaintiff additionally requests an order from the Court requiring that Defendants

3   provide equitable monetary relief so as to prevent Defendants from benefitting from practices

4   that constitute acts of unfair competition or the use or employment of any monies resulting from

5   such practices, and requiring the payment of restitution or disgorging any monies as may be

6   necessary to restore to any person any money or property which may have been acquired by

7   means of such acts of unfair competition. Plaintiff requests that the Court impose an asset freeze

8   or constructive trust over such monies. Plaintiff also requests an award of attorneys' fees and

9   costs pursuant to Cal. Code of Civil Procedure section 1021.5 and the substantial benefit and

10  common fund doctrines.

<strong>PRAYER FOR RELIEF</strong>

12      WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants for:

13  **First Cause of Action California Fair Debt Collection Practices Act**

14      1.    An award of actual damages pursuant to Cal. Civil Code §1788.30(a);

15      2.    The maximum amount of statutory damages provided under Cal. Civil Code

16  §1788.30(b);

17      3.    For an award of costs of litigation and reasonable attorneys' fees pursuant to Cal.

18  Civil Code §1788.30(c).

19  **Second Cause of Action: California's Invasion of Privacy Act**

20      4.    For statutory damages in the amount of $5,000 per violation pursuant to Cal. Pen.

21  Code §637.2(a)(1);

22      5.    For a preliminary and permanent injunction to restrain further violations of §631

23  of California's Invasion of Privacy Act, pursuant to Cal. Pen. Code §637.2(b);

24      6.    For the payment of reasonable attorneys' fees and costs of suit incurred herein as

25  provided for by law under, *inter alia*, California Code of Civil Procedure §1021.5 and the

26  substantial benefit and common fund doctrines.

27  **Third Cause of Action: Business and Professions Code §§17200, *et seq.***

28      7.    For equitable and monetary relief as set forth in this Complaint;

-17-

1    8.    For a preliminary and permanent injunction and declaratory relief as set forth in

2  this Complaint;

3    9.    For reasonable attorneys' fees and costs of suit as specified under, *inter alia*,

4  California Code of Civil Procedure §1021.5 and the substantial benefit and common fund

5  doctrines.

6    **For All Causes of Action**

7    10.    For pre- and post-judgment interest at the legal rate; and

8    11.    For any other relief that the Court deems just and proper.

9                       **TRIAL BY JURY**

10    Plaintiff is entitled to and demands a trial by jury for all claims so triable.

11  DATED: March 22, 2010                Respectfully submitted,
                                         ARLEO LAW FIRM, PLC
12                                       ELIZABETH J. ARLEO

13
                                         By: _____
14                                            ELIZABETH J. ARLEO

15                                       1672 Main Street, Suite E, PMB 133
                                         Ramona, CA 92065
16                                       Telephone: 760/789-8000
                                         760/789-8081 (fax)
17
                                         THE CONSUMER LAW GROUP
18                                       ALAN M. MANSFIELD (SBN 125998)
                                         9466 Black Mountain Rd., Suite 225
19                                       San Diego, CA 92126
                                         Tel: (619) 308-5034
20                                       Fax: (888) 341-5048

21                                       Attorneys for Plaintiff

22

23

24

25

26

27

28

                                   -18-

3-26-10
3:00 PM

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, and
DOES 1 through 10, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DEBRA ANN BAILEY, both individually and on behalf of all others
similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SAN DIEGO COUNTY SUPERIOR<br><br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2010-00088295-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elizabeth J. Arleo, PLC, 1672 Main Street, Suite E. PMB 133, Ramona, CA 92065, Tel: (760) 789-8000

| DATE:<br>*(Fecha)* MAR 2 9 2010 | Clerk, by<br>*(Secretario)* C. VAN PELT | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Household Finance Corporation of California

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ARLEO LAW FIRM, PLC<br>ELIZABETH J. ARLEO (SBN: 201730)<br>1672 Main Street, Suite E, PMB 133<br>Ramona, California 92065 | |

TELEPHONE NO.: (760) 789-8000   FAX NO.: (760) 789-8081

ATTORNEY FOR *(Name):* Plaintiff DEBRA ANN BAILEY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
BAILEY v. HOUSEHOLD FINANCE CORPORATION OF CALIF.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2010-00088295-CU-BT-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>[✓] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | **Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | | |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence             f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Three (3)
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 22, 2010

Elizabeth J. Arleo
_____
(TYPE OR PRINT NAME)                                                ► _____
                                                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7063 | |

| PLAINTIFF(S) / PETITIONER(S):   Debra Ann Bailey |
|---|

| DEFENDANT(S) / RESPONDENT(S):  Household Finance Corporation of California |
|---|

| BAILEY VS. HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2010-00088295-CU-BT-CTL |

Judge:  Yuri Hofmann                                          Department: C-60

COMPLAINT/PETITION FILED: 03/23/2010

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2010-00088295-CU-BT-CTL       CASE TITLE: Bailey vs. Household Finance Corporation of California

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S):  Debra Ann Bailey |
|---|
| DEFENDANT(S): Household Finance Corporation of California |
| SHORT TITLE:   BAILEY VS. HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2010-00088295-CU-BT-CTL |
|---|---|

Judge: Yuri Hofmann                                   Department: C-60

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program          ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                        ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                         Name of Defendant

_____          _____
Signature                                 Signature

_____          _____
Name of Plaintiff's Attorney              Name of Defendant's Attorney

_____          _____
Signature                                 Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 03/23/2010

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page 1

3

JS 44 (Rev. 12/07) (CAND Rev 1/10)

**CIVIL COVER SHEET**

**ORIGINAL**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
DEBRA ANN BAILEY, both individually and on behalf of all others similarly situated

**DEFENDANTS**
HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA

FILED
2010 APR 23 AM 10:41

'10 CV 0857 WQH RBB

**(b)** County of Residence of First Listed Plaintiff San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Lake County, IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Arleo Law Firm, PLC
Elizabeth J. Arleo (SBN 201730)
1672 Main Street, Suite E, PMB 133
Ramona, CA 92065
Tel: (760) 789-8000

Attorneys (If Known)
Stuart M. Richter (SBN 126231)
Gregory S. Korman (SBN 216931)
Katten Muchin Rosenman LLP
2029 Century Park East, Ste. 2600
Los Angeles, CA, 90067; tel (310) 788-4400

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities— Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus— Alien Detainee | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities— Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332(d)   28:1441k
Brief description of cause:
Class action alleging violations of debt collection & privacy laws

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE
April 22, 2010
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 12739   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE
TAB 04-23-10

CSDJS44

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS012739
Cashier ID: mbain
Transaction Date: 04/23/2010
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS
---------------------------------
CIVIL FILING FEE
 For: BAILEY V HOUSEHOLD FINANCE
 Case/Party: D-CAS-3-10-CV-000857-001
 Amount:        $350.00
---------------------------------
CHECK
 Check/Money Order Num: 88725
 Amt Tendered:  $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```