ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO (CASB No. 201730)
1672 Main Street, Suite E, PMB 133
Ramona, CA 92065
Telephone: 760/789-8000
760/789-8081 (fax)
Email: elizabeth@arleolaw.com

THE CONSUMER LAW GROUP
Alan M. Mansfield (SBN 125998)
alan@clgca.com
9466 Black Mountain Rd., Suite 225
San Diego, CA 92126
Tel: (619) 308-5034
Fax: (888) 341-5048

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBRA ANN BAILEY, both individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, et al.,<br><br>　　　　　　Defendants. | CASE NO.: 10-CV-0857-WQH (RBBx)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION AND REQUEST TO STRIKE "EXHIBIT A" TO THE REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT HOUSEHOLD FINANCE CORP., ET AL.'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:　　August 9, 2010<br>Time:　　11:00 a.m.<br>Place:　　Courtroom 4<br>Judge:　　Hon. William Q. Hayes |

## I.     INTRODUCTION

Rather than addressing plaintiff's claims under the limitations of Federal Rule of Civil Procedure 12(b)(6), defendants Household Finance Corporation of California, HSBC Card Services, Inc. and HSBC Bank Nevada, N.A. ("HSBC Bank Nevada") submit a generic, undated and unsigned purported "operative agreement" that does not even contain plaintiff's name or any indicia relating the document to plaintiff. Defendants attach the purported agreement as "Exhibit A" to the Request for Judicial Notice in Support of Motion and Motion to Dismiss Portions of Plaintiff's First Amended Complaint ("RJN") [Docket #20-2]. Defendants assert that "Exhibit A" is the "Cardmember Agreement and Disclosure Statements and amendments" for plaintiff's credit card account with HSBC Bank Nevada. RJN at 1:4. Defendants erroneously argue the Court can take judicial notice of "Exhibit A" because "[p]laintiff references her credit card account with HSBC Bank Nevada in the First Amended Complaint, but does not attach the operative agreement as an exhibit." *Id.* at 1:6-8. For the reasons discussed below, defendants are wrong. The Court should not take judicial notice of "Exhibit A" or consider it otherwise.

Defendants' motion to dismiss is a procedural motion that simply decides whether, drawing all inferences in favor of plaintiff, plaintiff has set forth a legally cognizable claim. The time for factual disputes comes later, after both sides have had an opportunity to conduct discovery. Whether, for example, "Exhibit A" constitutes the "operative agreement" between plaintiff and defendants does not fall into that narrow class of facts courts may judicially notice. Plaintiff's First Amended Complaint ("FAC") [Docket #14] simply asserts that "sometime in 2006 or 2007, HSBC sent unsolicited a credit card to Plaintiff. She activated the HSBC credit card soon after receiving it." FAC, ¶25. Contrary to Defendants' assertion, the FAC does not reference any credit card agreement. "Exhibit A" is outside the four corners of the FAC and, thus, an improper subject for judicial notice.

Plaintiff objects to the submission of "Exhibit A" and disputes its authenticity in terms of its relevance to plaintiff. Plaintiff requests that "Exhibit A" be stricken because it is outside the FAC and therefore cannot be considered under Rule 12(b)(6) of the Federal Rules of Civil

1  Procedure and controlling Ninth Circuit law on a motion to dismiss. For these reasons, plaintiff
2  also moves to strike all references to "Exhibit A" in defendants' Memorandum in Support of
3  Motion to Dismiss Portions of Plaintiff's First Amended Complaint ("Defs' Mem.") [Docket
4  #20-1], including but not limited to, references contained therein Defs' Mem. at 1:26-2:1; 4:7-
5  5:1; 15:1-4; 15:25-16:11.

6        "Exhibit A" is an improper, extraneous document, which is not suitable for consideration
7  on a motion to dismiss. *See Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997). Nor can the
8  terms purportedly contained in "Exhibit A" that are used by HSBC Bank Nevada to argue
9  plaintiff "consented" to the recording and/or monitoring of telephonic communications by that
10 entity be considered for the truth of matters asserted therein. *See, e.g., Liberty Mut. Ins. Co. v.
11 Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-89 (2d Cir. 1992) (Judicial notice was
12 improper where district court took notice of documents "to establish facts asserted therein.").

13       Judicial notice of the truth of "Exhibit A" is not permitted. Indeed, "[c]ourt[s] should not
14 use judicial notice to generate an evidentiary record and then weigh evidence ... to dismiss [a]
15 complaint." *In re Network Equip. Techs. Inc. Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991).

16       A judicially noticeable adjudicative fact must be "one not subject to reasonable dispute in
17 that it is … capable of accurate and ready determination by resort to sources whose accuracy
18 cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, for a fact to be judicially noticed,
19 "indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344,
20 1354 (7th Cir. 1995).[1] Importantly, "[a] [c]ourt should not use judicial notice to generate an
21 evidentiary record and then weigh evidence … to dismiss [a] Complaint." *Network Equip.*, 762
22 F. Supp. at 1363.

23       Defendants urge the Court to look beyond the four corners of the FAC by claiming that
24 "[c]ontracts are proper subjects of judicial notice where they are alleged in the pleading but not

25

---

26 [1]     The power to judicially notice facts "is to be exercised by courts with caution . . . . Every
27 reasonable doubt upon the subject should be resolved promptly in the negative." *Brown v. Piper*, 91 U.S. 37, 42-43 (1875).
28

1  attached as exhibits." Defs' Mem. at 6:21-24 (citing *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th
2  Cir. 1994)). Defendants' argument is both legally and factually incorrect. In *Branch*, the Ninth
3  Circuit held that "documents whose contents are alleged in a complaint and whose authenticity
4  no party questions, but which are not physically attached to the pleading, may be considered on a
5  Rule 12(b)(6) motion to dismiss. Such consideration does 'not convert the motion to dismiss
6  into a motion for summary judgment.'" 14 F.3d at 454 (citation omitted). There, the district
7  court did not err in considering documents when they were "expressly mentioned" in the
8  complaint and neither side questioned the authenticity. *Id.* Here, however, "Exhibit A" is not
9  mentioned, or even referred to, in the FAC and plaintiff questions its authenticity. Thus, it
10 should not be considered by this Court in deciding defendants' motion to dismiss.

11  Defendants further fail to acknowledge that only a limited category of facts which are
12 properly subjects of judicial notice can be used to contradict allegations in the FAC, and then
13 only in limited circumstances. *See Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) ("[W]e
14 point out that the taking of judicial notice of facts is, as a matter of evidence law, a highly limited
15 process."). The fact that defendants wish this Court to judicially notice through "Exhibit A" that
16 plaintiff purportedly consented to the recording or monitoring of telephonic communications
17 cannot be properly noticed under Fed. R. Evid. 201.

18
19 **II.  MATTERS OUTSIDE THE COMPLAINT MUST NOT BE CONSIDERED ON A MOTION TO DISMISS**

20  It is axiomatic under Rule 12(b)(6) and the law of the Ninth Circuit that in deciding a
21 motion to dismiss, the court may not consider material outside the complaint. Fed. R. Civ. P.
22 12(b); *Cooper*, 137 F.3d at 622; *Branch*, 14 F.3d at 453; *Fect v. Price Co.*, 70 F.3d 1078, 1080
23 n.1 (9th Cir. 1995). A document is outside the complaint if its contents are not alleged in the
24 complaint, or if its authenticity is questioned. *See Cooper*, 137 F.3d at 622; *Branch*, 14 F.3d at
25 453-54.
26  While documents on which the complaint is based may be considered in ruling on a
27 motion to dismiss, extraneous documents presented by defendants cannot be considered for the
28

1  truth of their contents. *See, e.g., In re 3Com Sec. Litig.*, No. C-97-21083 JW, 1999 WL 1039715,
2  at *4 (N.D. Cal. July 8, 1999); *Hennessy*, 69 F.3d at 1355; *Kramer v. Time Warner Inc.*, 937 F.2d
3  767, 774 (2d Cir. 1991). Defendants urge that in ruling on their motion to dismiss, the Court
4  should take as true statements in portions of "Exhibit A", which is unauthenticated, and accept
5  defendants' interpretation of ambiguous words in those provisions. Defendants' attempt
6  contravenes the law applicable to motions to dismiss. Plaintiff did not rely on "Exhibit A" to
7  draft the FAC. Nor does "Exhibit A" contain information "(1) generally known . . . or (2)
8  capable of accurate and ready determination by resort to sources whose accuracy cannot
9  reasonably be questioned." Fed. R. Evid. 201(b).

10  Defendants urge the Court to look beyond the four corners of the FAC by further
11  claiming that "[c]ontracts are proper subjects of judicial notice where they are alleged in the
12  pleading but not attached as exhibits." Defs' Mem. at 6:21-24. The FAC neither relies upon nor
13  mentions a cardmember agreement. "Exhibit A", which also is neither cited by, or relied upon in
14  the FAC, is thus simply not a proper subject for judicial notice. As numerous decisions explain,
15  courts must use care "policing the line between those documents included as part of the
16  pleadings and those that constitute evidence [which], while presumably admissible and relevant
17  at trial, nonetheless are not properly considered on a motion to dismiss." *Hirata Corp. v. J.B.*
18  *Oxford & Co.*, 193 F.R.D. 589, 593 (S.D. Ind. 2000 ); *see also Deepwells Estates Inc. v. The Vill*
19  *of Head of Harbor*, 973 F. Supp. 338, 344 (E.D. N.Y. 1997) (excluding from consideration
20  documents attached to a motion to dismiss because the "documents were not attached as exhibits
21  to the complaint, incorporated by reference in the pleadings, nor can the Court take judicial
22  notice of such documents" and declining "to convert the defendants' motion to dismiss into a
23  motion for summary judgment").

24  Moreover, the document is hearsay. Defendants improperly rely on "Exhibit A" to prove
25  the truth of what it states. But defendants have failed to make any showing under Fed. R. Evid.
26  802 that Exhibit A, or its hearsay contentions, may be properly admitted. "If the parties dispute
27  its authenticity or the form is not referenced in a plaintiff's complaint, it will not be noticed." *In*
28

1  *re Adaptive Broadband Sec. Litig.*, No. C 01-1092 SC, 2002 WL 989478, at *20 (N.D. Cal. Apr.
2  2, 2002).

### III. PORTIONS OF DEFENDANTS' MOTION TO DISMISS REFERRING TO "EXHIBIT A" SHOULD BE STRICKEN

Plaintiff also moves to strike all references to "Exhibit A" in defendants' memorandum in support of their motion to dismiss, including but not limited to references contained therein. Defs' Mem. at 1:26-2:1; 4:7-5:1; 15:1-4; 15:25-16:11. Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may act on its own in doing so under Rule 12(f).

As discussed in Section II, *infra*, "Exhibit A" is hearsay, and does not fall into that narrow class of facts courts may, in order to streamline proof, judicially notice. Thus, defendants' assertion that "[p]laintiff expressly consented to call recording and monitoring in her written credit card agreement" based on this document (Defs' Mem. 1:26-27; *see also id.* at 4:7-9) has no place in a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Intri-Plex Tech. Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007). When deciding a Rule 12(b)(6) motion, the Court must accept as true the allegations in the complaint and construe them in the plaintiff's favor. As defendants concede, plaintiff alleges that the telephonic communications were recorded and/or monitored without her consent. FAC, ¶¶108-109; Defs' Mem. at 3:22-4:4. This Court must accept plaintiff's allegations as true and not consider Defendants' speculation that plaintiff "consented" to HSBC Bank Nevada's illegal conduct based on an unauthenticated document not referenced in the FAC.

### IV. CONCLUSION

Defendants' submission offends the purpose of a Rule 12(b)(6) motion. Rather than addressing the legal sufficiency of plaintiff's claims, defendants wrongly attempt to have the Court decide factual matters in their favor by reference to "Exhibit A" wholly unsuited for

/ / /

1  judicial notice.  This strategy, especially when plaintiff has been unable to pursue discovery,
2  must fail.

3  Plaintiff respectfully requests that the Court deny defendants' request for judicial notice
4  of "Exhibit A", and strike all references and argument based on "Exhibit A" in defendants'
5  memorandum in support of their motion to dismiss.

6  DATED:  July 22, 2010                    Respectfully submitted,

7                                           THE CONSUMER LAW GROUP

8                                           By:    S/Alan M. Mansfield
                                                   ALAN M. MANSFIELD
9                                                  alan@clgca.com
                                           9466 Black Mountain Rd., Suite 225
10                                         San Diego, CA 92126
                                           Tel: (619) 308-5034 / Fax: (888) 341-5048
11
                                           ARLEO LAW FIRM, PLC
12
                                           By:    S/Elizabeth J. Arleo
13                                                 ELIZABETH J. ARLEO
                                                   elizabeth@arleolaw.com
14                                         1672 Main Street, Suite E, PMB 133
                                           Ramona, CA 92065
15                                         Telephone: 760/789-8000/ Fax: 760/789-8081

16                                         Attorneys for Plaintiff