1  ARLEO LAW FIRM, PLC
   ELIZABETH J. ARLEO (CASB No. 201730)
2  1672 Main Street, Suite E, PMB 133
   Ramona, CA 92065
3  Telephone: 760/789-8000
   760/789-8081 (fax)
4  Email: elizabeth@arleolaw.com

5  THE CONSUMER LAW GROUP
   Alan M. Mansfield (SBN 125998)
6  alan@clgca.com
   9466 Black Mountain Rd., Suite 225
7  San Diego, CA 92126
   Tel: (619) 308-5034
8  Fax: (888) 341-5048

9  Attorneys for Plaintiff

10

11                    **UNITED STATES DISTRICT COURT**

12                    **SOUTHERN DISTRICT OF CALIFORNIA**

13 | DEBRA ANN BAILEY, both individually | CASE NO.: 10-CV-0857-WQH (RBBx)
14 | and on behalf of all others similarly situated, | <u>CLASS ACTION</u>
15 |                   Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT HSBC FINANCE CORPORATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**
16 |         v. |
17 | HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, et al., |
18 |  | **Date:     August 9, 2010**
19 |                   Defendants. | **Time:     11:00 a.m.**
   |  | **Place:    Courtroom 4**
20 |  | **Judge:    Hon. William Q. Hayes**

21

22

23

24

25

26

27

28

OPPOSITION TO DEFENDANT HSBC'S MOTION                    CASE NO.: 10-CV-0857-WQH (RBBx)
TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................1

II. LEGAL STANDARDS FOR A RULE 12(B)(2) MOTION TO DISMISS .......................2

III. IF THE COURT IS INCLINED TO FIND THAT PLAINTIFF HAS NOT MADE A *PRIMA FACIE* SHOWING, THE COURT SHOULD ALLOW DICOVERY ..................................................................................................3

IV. ARGUMENT ........................................................................................................4

    A. HSBC Finance is Subject to California Jurisdiction Because It Controls Co-Defendants Household, HSBC Bank Nevada and HSBC Card Services ..................................................................................................4

    B. HSBC Finance Has Purposefully Directed Its Activities at California Residents ..................................................................................................5

    C. The Declaration Submitted by HSBC Finance in Support of This Motion is Inadequate ..................................................................................6

    D. The Exercise of Personal Jurisdiction Over HSBC Finance is Reasonable ..................................................................................................7

    E. Plaintiff Has Demonstrated That Specific Jurisdiction Exists Because the Policies at Issue in This Lawsuit are Set by HSBC Finance ..............8

    F. Even on the Limited Public Record Available, HSBC Finance's Contacts in California are Sufficient ..................................................... 10

        1. The Highest Percentage of HSBC Finance's Income is Derived From Consumers in California ................................................... 11

        2. HSBC Finance's Web Site Establishes Sufficient Contacts ..................... 11

        3. HSBC Finance Leases Properties in California Including the Call Center Located in Pomona, California ............................................. 12

        4. HSBC Finance Has Previously Availed Itself of Federal Courts Located Within the State of California ....................................... 13

    G. Plaintiff Has Made a *Prima Facie* showing of Personal Jurisdiction ..................... 14

V. CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586 (9th Cir. 1996)..................................2, 3, 14

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995)......................................................................3, 7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)...........................................................3, 7, 9

*Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535 (9th Cir. 1986) ...............................................................................3

*Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398 (9th Cir. 1994) ......................................................2

*Coca-Cola Co. v. Procter & Gamble Co.*, 595 F.Supp. 304 (N.D. Ga. 1983) ...............................5

*Colt Studio, Inc. v. Badpuppy Enterprise*, 75 F.Supp.2d 1104 (C.D. Cal. 1999) ..................5, 8, 11

*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482 (9th Cir. 1993) .........................................7

*Data Disc., Inc. v. Sys. Technology Assoc., Inc.*, 557 F.2d 1280 (9th Cir. 1977) .....................3, 14

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002)..........................................................14

*Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072 (9th Cir. 2003) ..................................2, 11, 12

*Grody v. Daily News, L.P.*, 95 F.3d 829 (9th Cir. 1996) ................................................................8

*Haisten v. Grass Valley Med, Reimbursement Fund, Ltd.*, 784 F.2d 1397 (9th Cir. 1986)..........3, 7

*Hayashi v. Red Wing Peat Corp.*, 396 F.2d 13 (9th Cir. 1968) .......................................................3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ...................................2

*In re Telectronics Pacing Sys., Inc.*, 953 F.Supp. 909 (S.D. Ohio 1997) .......................................5

*Int'l Shoe Co. v. State of Wash. Office of Unemployment Compensation and Placement*, 326 U.S. 310 (1945)............................................................................................................2

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267 (9th Cir. 1995).....................................5

*Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325 (9th Cir. 1985) ................................3

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) ..............................................2, 7

*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) .......................................................8

*Synopsys, Inc. v. Ricoh Co.*, 343 F.Supp.2d 883 (N.D. Cal. 2003)..................................................2

*Vermeulen v. Renault U.S.A., Inc.*, 975 F.2d 746 (11th Cir. 1992) ............................................4, 5

*Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1977)..............................3

TABLE OF AUTHORITIES (CONT'D)

**Page**

*WNS, Inc. v. Farrow*, 884 F.2d 200 (5th Cir. 1989) ..................................................................14

**FEDERAL RULES AND STATUTES**

Federal Rules of Civil Procedure

    Rule 12 ................................................................................................................1, 2, 14

I.     INTRODUCTION

Plaintiff, Debra Ann Bailey brings this class action on behalf of similarly-situated persons located within the State of California pursuant to California's Rosenthal Fair Debt Collection Practices Act for hundreds of harassing telephone calls; California's Invasion of Privacy Act for the surreptitious recording of telephonic communications; the federal Telephone Consumer Protection Act for unauthorized calls to Plaintiff's cellular telephone; and the unlawful, unfair and fraudulent business practices arising from defendants' misconduct in violation of California Bus. & Prof. Code §17200, *et seq*. ("UCL")

The original complaint was filed in California Superior Court on March 23, 2010, naming Household Finance Corporation of California ("Household") and 10 Doe defendants.  Household removed the case to this Court.  In the First Amended Complaint ("FAC"), Plaintiff identified three doe defendants: HSBC Card Services, Inc. ("HSBC Card Services"), HSBC Bank Nevada, N.A. ("HSBC Bank Nevada), and the parent corporation, HSBC Finance Corporation ("HSBC Finance").  Discovery has not commenced in this case.  Two motions are pending before this Court: 1) motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Household, HSBC Card Services and HSBC Bank Nevada [Docket #20]; and 2) HSBC Finance's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) [Docket #23].[1]  With respect to the jurisdiction issue, Plaintiff will demonstrate herein that even under traditional "minimum contacts" analysis, sufficient contacts exist with California to permit this Court to exercise personal jurisdiction over HSBC Finance or at least to require discovery.

HSBC Finance's motion and supporting memorandum wrongfully assert that the Court may not exercise personal jurisdiction over it because it has no contacts with the State of California.  Contrary to HSBC Finance's assertion, no physical presence is required.  Whether HSBC Finance has property or employees in California (contested factual questions), is not dispositive.  Regardless as described in detail below, HSBC Finance was physically present in

---

[1]     Defendant HSBC Finance Corporation's Notice of Motion and Motion to Dismiss First Amended Complaint [Docket #23] is referred to herein as "Def. Mem."  Unless otherwise noted, all paragraph references herein ("¶") refer to the FAC.

1  California during the four-year relevant time period under the UCL.  HSBC Finance's physical
2  presence here as well as its interactive web site and other factors discussed below render its lack
3  of personal jurisdiction claim ineffective.  Plaintiff has made a prima facie showing of
4  jurisdictional facts by the pleadings and evidence submitted on this opposition.  The
5  uncontroverted allegations in the FAC must be taken as true and conflicts between the parties
6  over the written materials must be resolved in Plaintiff's favor.  To the extent the Court is
7  inclined to find that Plaintiff has not made a prima facie showing, Plaintiff should be allowed to
8  complete relevant discovery.

## II.     LEGAL STANDARDS FOR A RULE 12(B)(2) MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss a matter for lack of personal jurisdiction under limited circumstances.  "Personal jurisdiction over a nonresident defendant is tested by a two-part analysis." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Id.*  "Second, the exercise of jurisdiction must comport with federal due process." *Id.* at 1404-05.  "[B]ecause California's long arm statute is coextensive with the limits of due process, the court need only consider the requirements of due process." *Synopsys, Inc. v. Ricoh Co.*, 343 F.Supp.2d 883, 886 (N.D. Cal. 2003).

It has long been settled that a court may exercise personal jurisdiction over a nonresident defendant under the U.S. Constitution if it has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash. Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945).  Such personal jurisdiction may be either general or specific.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8 & 9 (1984); *Panavision Int'l., L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  "[I]f the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available."  *Helicopteros*, 466 U.S. at 415; *Gator.com Corp. v. L.L. Bean, Inc.,* 341 F.3d 1072, 1076 (9th Cir. 2003). "[S]pecific jurisdiction" exists where the claim for relief arises directly

28 / / /

from defendant's contacts with the forum state.  *See AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).[2]

### III. IF THE COURT IS INCLINED TO FIND THAT PLAINTIFF HAS NOT MADE A PRIMA FACIE SHOWING, THE COURT SHOULD ALLOW DISCOVERY

As the Ninth Circuit has repeatedly found, discovery is appropriate to aid the Court in determining whether it has jurisdiction where the facts are controverted or where the existing record is inadequate. *Butcher's Union Local No. 498*, *United Food and Commercial Workers v. SDC Inv., Inc.,* 788 F.2d 535, 540 (9th Cir. 1986) ("Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted. . . . '") (citation omitted).  Whether, for example, HSBC Finance controls the manner of telephonic communications with consumers in California is a legitimate and important inquiry under the traditional "minimum contacts" test and should be the subject of discovery.  *Data Disc., Inc. v. Sys. Technology Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977); *Wells Fargo & Co.* v. *Wells Fargo Express Co*., 556 F.2d 406, 430 n.24 (9th Cir. 1977); *Hayashi v. Red Wing Peat Corp.*, 396 F.2d 13, 14 (9th Cir. 1968).  Under the governing law, a district court should rarely grant a motion to dismiss for lack of personal jurisdiction without allowing discovery, and if necessary, holding an evidentiary hearing where a dispute exists concerning defendants' minimum contacts.  *Ballard v. Savage*, 65 F.3d 1495, 1497 (9th Cir. 1995); *Pac. Atl. Trading Co.* v. *M/V Main EXpress*, 758 F.2d 1325, 1327 (9th Cir. 1985); *Data Disc,* 557 F.2d at 1285.  Defendants seeking to dismiss for want of personal jurisdiction without such an evidentiary hearing must make a "compelling case against jurisdiction." *Ballard,* 65 F.3d at 1502 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985); *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1397, 1400 (9th Cir. 1986)).

No such compelling case has been made here. HSBC Finance's minimum contacts challenge to personal jurisdiction is supported only by a three-page affidavit with no attachments

---

[2]  Unless otherwise indicated, all internal citations and quotations marks are omitted and all emphasis is added.

(*see* §IV.C., *infra*).  Plaintiff has made a prima facie showing of jurisdictional facts by the pleadings and evidence submitted on this opposition.  The uncontroverted allegations in the FAC must be taken as true and conflicts between the parties over the written materials must be resolved in Plaintiff's favor.

As a matter of reality, the bulk of evidence bearing on the fact-intensive minimum contacts analysis is within the unique control of HSBC Finance and its co-defendants Household, HSBC Bank Nevada and HSBC Card Services, while Plaintiff has only that evidence which is publicly available.  To the extent the Court is inclined to find that Plaintiff has not made a prima facie showing, Plaintiff should be allowed to complete relevant discovery into HSBC Finance's factual representations (through the minimal attestations of its affiant, Michael Forde), including deposing Mr. Forde and allowing written discovery, so a fair and balanced factual record can be made.  *See Butcher's Union.* 788 F.2d at 540.  Plaintiff should also be allowed discovery into out-of-state acts by HSBC Finance which may have an effect within California.

## IV. ARGUMENT

### A. HSBC Finance is Subject to California Jurisdiction Because It Controls Co-Defendants Household, HSBC Nevada Bank and HSBC Card Services

HSBC Finance contends that it is not subject to California jurisdiction because it is not the alter ego of its subsidiaries. Def. Mem. at 8:26 - 11-18.  Without the benefit of discovery and assuming *arguendo* there is no alter ego relationship between HSBC Finance and its co-defendants, the fact that no alter ego relationship exists would not mean that HSBC Finance could not possess minimum contacts with California  as a result of its own ***independent*** role in the process.  *See Vermeulen v. Renault U.S.A., Inc.*, 975 F.2d 746, 757 (11th Cir. 1992).  "The question is not whether the contacts between [parent company defendant and the forum state] establish minimum contacts [], but rather whether [the parent company defendant], by virtue of its relationship with [its subsidiary], purposefully availed itself of the privilege of conducting business in [the forum state] such that it could reasonably anticipate being hauled into court there.   That [the parent company defendant] did not exercise sufficient control over [co-defendant subsidiary] to establish an alter ego relationship does not necessarily mean that it had

1  insufficient contacts with [the forum state] *as a result of its own actions and its participation in the decisions that resulted in [co-defendant subsidiary's] presence and activity in [the forum state].*" *Id.*  A parent corporation can be subject to jurisdiction in a forum where a wholly-owned subsidiary does business if the parent controls or directs the everyday business operations of the subsidiary. *See In re Telectronics Pacing Sys.*, *Inc.*, 953 F.Supp. 909, 921 (S.D. Ohio 1997); *Coca-Cola Co. v. Procter & Gamble Co.*, 595 F.Supp. 304, 307 (N.D. Ga. 1983).

Here, HSBC Finance's web site states: "HSBC Finance Corporation's (formerly Household) board of directors and senior management team *provides the direction* for the company's consumer finance subsidiaries."  Plaintiff's Request for Judicial Notice ("RJN"), filed concurrently herewith, Ex. 1 at page 2.  HSBC Finance cannot now argue that the contacts with California by its subsidiaries and co-defendants (Household, HSBC Card Services, and HSBC Bank Nevada) must be excluded from the Court's minimum contact analysis.  *See also* §IV.E., *infra*, demonstrating that policies surrounding defendants' telephone communications are set by HSBC Finance.

**B.     HSBC Finance Has Purposefully Directed Its Activities at California Residents**

The Ninth Circuit applies a three part test to determine if a defendant's activities are sufficiently related to the forum state to establish limited personal jurisdiction: the defendant "must have (1) committed an intentional act, (2) expressly aimed at the forum state, which (3) causes harm that the defendant knew was likely to be suffered in the forum state." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995); *Colt Studio, Inc. v. Badpuppy Enterprise*, 75 F.Supp.2d 1104 at 1108 (C.D. Cal. 1999).

Here, HSBC Finance has purposefully and intentionally directed its activities expressly aimed at California consumers through its interactive web site (*see* §IV.F.2., *infra*); by owning or leasing property in California (*see* §IV.F.3., *infra*); directing its co-defendant consumer finance subsidiaries and earning 11% of its income from California residents (*see* §§IV.F.1-2., *infra*).  Further, HSBC Finance owns the subsidiary which, according to its own admission, manages and oversees the monitoring and recording of telephonic communications for telephonic

1  communications between HSBC Finance's co-defendants and California residents (*see* §IV.E.,
2  *infra*).  As alleged, HSBC Finance's misconduct has caused harm to California residents through
3  its telephonic communications practices.  Plaintiff and other California residents should be free
4  from: (i) harassing phone calls which violate California's Rosenthal Fair Debt Collection
5  Practices Act (¶¶1, 28-82, 98-102); (ii) surreptitious recording of telephonic communications in
6  violation of California's Invasion of Privacy Act (¶¶1, 3, 81-87, 103-111); and (iii) calls to
7  plaintiff's cellular telephone in violation of the federal Telephone Consumer Protection Act (¶¶1,
8  4, 28-82, 112-114) all of the conduct which Plaintiff alleges violates California's UCL (FAC,
9  ¶¶1, 5, 115-123).

10      **C.**     **The Declaration Submitted by HSBC Finance in Support of This Motion is Inadequate**
11

12       HSBC Finance raises a minimum contacts challenge to personal jurisdiction by a single,
13  three-page affidavit (with no attachments).  *See* Declaration of Michael J. Forde In Support of
14  Defendant HSBC Finance Corporation's Notice of Motion and Motion To Dismiss First
15  Amended Complaint ("Forde Decl.").  [Docket #23-2].  Even if Mr. Forde had been able to
16  establish a sufficient foundation for the sweeping and conclusory assertions made (which he does
17  not), he addresses HSBC Finance's general contacts with California and does not address other,
18  highly relevant factors.  For example, Mr. Forde does not address that 11% of HSBC Finance's
19  income is derived from California consumers (*see* §IV.F.1., *infra*).  Nor does Mr. Forde's
20  declaration address the extent to which HSBC Finance expressly directs its activities into
21  California (*see e.g.,* §IV.F.3., *infra*) discussing call center located in Pomona, California and
22  properties in San Diego and Salinas, California.  *See also* §IV.F.2., *infra*, discussing HSBC
23  Finance's interactive web site.  Nor does Mr. Forde's declaration discuss the number of times
24  that HSBC Finance has consented to jurisdiction in district courts located within California.  *See*
25  §IV.F.4., *infra*.  Each of these factors is a legitimate and important inquiry under the traditional
26  "minimum contacts" test.

27       As well, Mr. Forde's declaration purports a lack of physical contacts HSBC Finance has
28  in California.  Forde Decl., ¶¶4-8.  The Ninth Circuit has repeatedly stated, however, that *in*

1  *personam* jurisdiction may be found even where there are "absolutely no" physical contacts in
2  the forum state.  *Ballard*, 65 F.3d at 1498-1499; *Haisten*, 784 F.2d at 1399.  It is sufficient that
3  an out of state act have an effect within the forum.  No physical contact is necessary.  *Id.*

      **D.**      **The Exercise of Personal Jurisdiction Over HSBC Finance Is Reasonable**

5        "[W]here a defendant who purposefully has directed his activities at forum residents
6  seeks to defeat jurisdiction, he must present a compelling case that the presence of some other
7  considerations would render jurisdiction unreasonable."  *Panavision*, 141 F.3d at 1322 (quoting
8  *Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1487 (9th Cir. 1993); *Burger King*, 471
9  U.S. at 476-77)).  In addressing the question of reasonableness, the Ninth Circuit considers seven
10 factors: (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in
11 defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state;
12 (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution
13 of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and
14 effective relief; and (7) the existence of an alternative forum.  *Panavision*, 141 F.3d at 1323
15 (quoting *Burger King*, 471 U.S. at 476-77).  No one factor is dispositive; a court must balance all
16 seven.  *Id.* (quoting *Core-Vent*, 11 F.3d at 1488).

17       Applying these factors here, the exercise of personal jurisdiction is reasonable.  First, that
18 HSBC Finance directs its interactive web site to California consumers which results obtaining
19 11% of its income from California residents (*see* §§IV.F.1-2., *infra*) evidences substantial
20 "purposeful interjection" on the part of HSBC Finance.  Second, the inconvenience of HSBC
21 Finance to litigate in California is not "so great so as to deprive [HSBC Finance] of due process."
22 *See* §IV.F.4., *infra* (HSBC Finance has been a party to at least five lawsuits within California
23 since 2006, including removing a case from the California Superior Court to the United States
24 District Court for the Central District of California on June 25, 2010!).  *See also Panavision*, 141
25 F.3d at 1322 (stating that "in this era of fax machines and discount air travel, requiring
26 [defendants] to litigate in California is not constitutionally unreasonable").  Third, the allegations
27 in support of plaintiff's California state law claims (the UCL, Rosenthal Fair Debt Collection
28 Practices Act, and the Invasion of Privacy Act) and those in support of plaintiff's federal

1  Telephone Consumer Protection Act claim require the same analysis – the harassing number of
2  calls to California residents within a certain time frame, the calls made by defendants to the
3  cellular telephones of California residents; and the calls recorded and/or monitored without two-
4  party consent.  The federal analysis regarding calls to cellular telephones would be the same in
5  Delaware or Illinois.  Thus, as found by Judge Baird in *Colt*, "the exercise of jurisdiction in
6  California does not implicate sovereignty concerns in" Delaware or Illinois.  75 F.Supp.2d at
7  1110.  Fourth, all of the harm resulting from the infringement occurs in California, where
8  Plaintiff and the putative class members, reside.  California "maintains a strong interest in
9  providing an effective means for redress for its residents."  *Gordy v. Daily News, L.P.,* 95 F.3d
10 829, 836 (9th Cir. 1996).  Fifth, the controversy will be most efficiently resolved if jurisdiction is
11 found here.  Otherwise, the case against HSBC Finance would have to be dismissed here and re-
12 filed in Delaware or Illinois, while the lawsuit at hand is maintained here against HSBC
13 Finance's co-defendant subsidiaries.  "This would take time, cost money, and most importantly,
14 it would not advance the resolution of this matter on the merits."  *Colt*, 75 F.Supp.2d at 1110-11.
15 Sixth, the importance of the forum to the plaintiff's and putative class members' interest in
16 convenient and effective relief is apparent in this case, as plaintiff is a California resident.  *Id.* at
17 1111.  Finally, although there exists alternate forums in Delaware and Illinois, "that factor alone
18 is insufficient to overcome the presumption of reasonableness established by the other six
19 factors."  *Id.*  Thus, the exercise of personal jurisdiction over HSBC Finance is reasonable in this
20 case.

21       **E.**    **Plaintiff Has Demonstrated That Specific Jurisdiction Exists Because the Policies at Issue in This Lawsuit are Set by HSBC Finance**
22

23       As discussed in Section II., *supra*, under the doctrine of general jurisdiction, when a
24 defendant's contacts with the forum state are substantial, continuous and systematic, they justify
25 the forum's jurisdictional reach regardless of the relationship of the claim to the forum.  *Perkins*
26 *v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446-47 (1952).  Where the claim bears a
27 relationship to the forum state, a lesser showing of contacts between the defendant and the forum
28 state will suffice to satisfy due process under the doctrine of "specific jurisdiction."  *Burger*

*King*, 471 U.S. at 475. The test is ultimately a balancing of the contracts, the action and the forum to achieve substantial justice.

The fact that there are two subsidiaries (co-defendants Household and HSBC Bank Nevada) that engage in similar recording practices indicates the policies at issue are set by its parent HSBC Finance. For example, two declarations were submitted in connection with Household's *ex parte* application for relief from certain document preservation requirements filed on May 19, 2010 [Docket #7], one by Todd E. Folkes ("Folkes Decl.") [Docket #7-2], the other by Brenda J. Wolfe ("Wolfe Decl."). [Docket #7-3] Mr. Folkes attests to hold the position of "Manager CSS Witness/EWFM/Inova with HSBC Technology & Services (USA), Inc. ("HTS")" out of Illinois. Folkes Decl., ¶1. "HTS performs all 'back end' services for, among other entities, HSBC Finance Corporation, a holding company, and its consumer lending subsidiaries." *Id.* In describing how the computerized telephone recording system used by HSBC Finance and its subsidiaries operates, Mr. Folkes declares that he was responsible "for managing all call recording for HSBC Finance Corporation subsidiaries in North America, including Canada." Folkes Decl., *¶2*. This system for recording calls – the automated telephone system which initiates and enables the monitoring and recording of telephone communications at issue in this lawsuit – was set up by HTS, which is somehow affiliated with (and likely a subsidiary of) HSBC Finance. Mr. Folkes further avers that co-defendant subsidiary Household "is the consumer lending subsidiary of HSBC Finance Corporation," which with other affiliated entities are known collectively as the Consumer and Mortgage Lending ("CML") business. Folkes Decl., ¶3. The CML group (including co-defendant Household) is separate from defendant HSBC Bank Nevada, which is part of the Card and Retail Services ("CRS") business unit of HSBC Finance. Folkes Decl., ¶4. Yet in the remainder of his declaration, Mr. Folkes talks about how this recording system operates across business lines, which indicates the policies at issue are set up either directly or indirectly by HSBC Finance. *See e.g.,* Folkes Decl., ¶6 ("The first step to understanding the impact on HTS of preserving *all* recorded calls is understanding the extraordinary volume of calls made to and from the CML and CRS businesses.").

/ / /

Ms. Wolfe attests to hold the position of "Vice President North America Quality for HSBC North America Holdings" (another company whose affiliation with HSBC Finance is undefined). Wolfe Decl., ¶1. Ms. Wolfe "manage[s] a team that prepares and maintains the tools used by call center managers and Quality personnel to monitor and evaluate call center agent compliance with regulations and internal policies and procedures [and] data compiled from those evaluations." *Id.* Ms. Wolfe describes the call monitoring "processes and procedures" for CML and CRS entities. While she asserts they are different in some respects, she also avers that the telephonic communications are monitored and are assessed by the same common Quality team. *See, e.g.,* Wolfe Decl., ¶9 ("Evaluations are documented on forms. In total, approximately 40,000 calls are evaluated per month in the Consumer and Mortgage Lending or CML and Card and Retail Services of CRS groups."). The declarations submitted by both Mr. Folkes and Ms. Wolfe clearly indicate that defendants Household and HSBC Bank Nevada are ***not*** autonomous entities as HSBC Finance would have this Court believe. The computerized, automated telephonic recording system at issue operates from a common source, and the Quality "team" personnel – the persons responsible for finding and documenting the misconduct at issue -- operate across HSBC Finance subsidiary lines.

Based on these declarations and the other limited evidence Plaintiff is able to provide here without benefit of discovery, it is evident that HSBC Finance operates in California through its subsidiaries. The exercise of personal jurisdiction thus comports with notions of fair play and substantive justice as Plaintiff, a California resident, and other members of the putative class, were subjected to the illegal, surreptitious wiretapping and recording practices at issue through computer equipment located at HSBC Finance's 26 calling centers, through divisions HSBC Finance claims *it* provides to consumers through its subsidiaries.

F. **Even on the Limited Public Record Available, HSBC Finance's Contacts in California are Sufficient**

Even without discovery or an evidentiary hearing, there are sufficient facts before the Court to establish minimum contacts sufficient to find personal jurisdiction over HSBC Finance. Plaintiff's own investigation, without benefit of discovery, independently reveals that HSBC

1  Finance (i) derives the highest percentage (11%) of its income from consumers located in
2  California; (ii) expressly directs its activities into California through its web site and a call center
3  physically located in Pomona, California; and (iii) has availed itself of district courts located
4  within California; and (iv) owns or leases property in Pomona, San Diego, and Salinas,
5  California.

### 1. The Highest Percentage of HSBC Finance's Income is Derived from Consumers in California

8  Neither HSBC Finance's memorandum nor Mr. Forde's declaration reference the income
9  earned through consumers located in California.  The volume of business carried on in the forum
10 state by the foreign corporation can determine whether personal jurisdiction can be exercised.  In
11 *Colt*, 75 F.Supp.2d 1104, Judge Baird found that a corporation based in Florida had availed itself
12 of opportunity to do business in California when it solicited subscriptions to its web site
13 featuring photographs that could be accessed and downloaded upon payment of fee, and obtained
14 2,100 California subscribers out of 17,000 worldwide.

15  Here, HSBC Finance's 2009 Annual Report states: "At December 31, 2009, we had over
16 37.2 million customers.  Some of these customers are customers of more than one of our
17 businesses.  ***Consumers residing in the State of California accounted for 11 percent of our***
18 ***consumer receivables.***  We also have significant concentrations of domestic consumer
19 receivables in Florida (7 percent), New York (7 percent), Pennsylvania (5 percent) and Ohio (5
20 percent)."  RJN, Ex. 2 at page 11.  The clear majority of HSBC Finance's income is derived from
21 consumers located in the State of California.  On that basis alone, this Court should find the
22 exercise of personal jurisdiction over HSBC Finance is appropriate.

### 2. HSBC Finance's Web Site Establishes Sufficient Contacts

24 Omitting any reference to its web site, HSBC Finance contends that it "does not solicit or
25 market services to California residents."  Def. Mem. at 1:15-16.  Plaintiff contends that the web
26 site "www.hsbc.com" proves HSBC's contentions about its lack of California contacts are
27 incorrect.  The Ninth Circuit in *Gator.com*, determined that California courts had general
28 jurisdiction over the defendant clothing retailer, even though the defendant had no physical

1 presence in California aside from that through the Internet. 341 F.3d at 1078-79. The Court
2 concluded that the defendant's contacts with California met the "continuous and systemic
3 contacts test" because the defendant:

> makes sales, solicits business in the state, and serves the state's markets … Unlike the defendant in *Helicopteros*, L. L. Bean has not merely made a single 'package' purchase from a forum vendor or cashed a check on a forum bank; instead, it ships very large numbers of products to California and maintains ongoing contacts with numerous California vendors . . . L.L. Bean's contacts are part of a consistent, ongoing, and sophisticated sales effort that has included California for a number of years.

*Id.* at 1078. The Court stated that, "[r]ecognizing that an online store can operate as the functional equivalent of a physical store, the test does not require an actual presence in the state." *Id*. at 1079. HSBC Finance's interactive web site allows users in California and elsewhere to establish and manage on-line accounts, make payments, communicate with defendants and complete on-line forms and applications. *See generally* <<hfc.com>>. Similar to the defendant in *Gator.com*, HSBC Finance offers its financial services to California consumers on its website. It also talks about how it, through its subsidiaries, engages in a variety of financial services:

> HSBC Finance Corporation, through its subsidiaries, provides credit cards and private label credit cards, taxpayer financial services and specialty insurance products, and also services a liquidating portfolio of residential real estate loans and unsecured loans.

RJN, Ex. 1 at page 4.

### 3. HSBC Finance Leases Properties in California Including the Call Center Located in Pomona, California

HSBC Finance asserts that it has no "offices [or] property" located within the State of California. Def. Mem. at 1:14. Contrary to that assertion, HSBC Finance's 2009 Annual Report states that HSBC Finance controls properties within the State of California, specifically in Pomona, San Diego and Salinas:

> Item 2. Properties.
>     Our operations are located throughout the United States, with principal facilities located in New Castle, Delaware; Washington, D.C., District of Columbia; Brandon, Florida; Chesapeake, Virginia; Hanover, Maryland; Las Vegas, Nevada; Tulsa, Oklahoma; Tigard, Oregon; Chicago, Illinois; Mettawa, Illinois; Schaumburg, Illinois; Vernon Hills, Illinois; Elmhurst, Illinois; **Pomona,**

*California; Salinas, California;* London, Kentucky; and Sioux Falls, South Dakota. Our principal executive offices are located in Mettawa, Illinois. Upon the completion of the sale of our auto finance servicing operations, the Lewisville, Texas and ***San Diego, California facilities*** will be transferred to SC USA.

Substantially all corporate offices, regional processing and regional servicing center spaces are operated under lease with the exception of a credit card processing facility in Las Vegas, Nevada; a data processing center in Vernon Hills, Illinois; and servicing facilities in London, Kentucky and Chesapeake, Virginia. We believe that such properties are in good condition and meet our current and reasonably anticipated needs.

RJN, Ex. 2 at page 20.

Telephone records confirm the telephone number for the call center located at 931 Corporate Center Drive, Pomona, CA 91768-2642, is registered to HSBC Finance.  RJN, Ex. 3 at page 30.

### 4. HSBC Finance Has Previously Availed Itself of Federal Courts Located Within the State of California

HSBC Finance asserts that having a registered agent for service of process in California is "not intended to indicate consent to jurisdiction in California state or federal courts."  Def. Mem. 3:7-9.  Yet, on Plaintiff's limited review of federal dockets available electronically through the PACER system, HSBC Finance has consented to or otherwise been subject to jurisdiction in federal courts located within the State of California.  For example:

- On July 27, 2006, HSBC Finance was named as a defendant in *Dates v. TransUnion Corp., et al.*, Case No. 2006-cv-1518, United States District Court for the Southern District of California.  RJN, Ex. 4 at pages 31-54.  HSBC Finance Answered on August 24, 2006.  RJN, Ex. 5 at pages 55-60.

- On August 23, 2007, HSBC Finance was named as a defendant in *Misra, et al. v. Decision One Mortgage Company, LLC et al.*, Case No. 2007-cv-0994, United States District Court for the Central District of California.  HSBC Answered on April 23, 2008.  RJN, Ex. 6 at pages 61-87.

- On November 8, 2007, HSBC Finance was named as a defendant in *Flowers, et al. v. HSBC Auto Finance et al.*, Case No. 2007-cv-2146, United States District

1 Court for the Southern District of California.  RJN, Ex. 7 at pages 88-112. HSBC
2 Answered on May 2, 2008.  RJN, Ex. 8 at pages 113-132.  A joint motion
3 (including HSBC Finance) for dismissal was entered on November 13, 2009.
4 RJN, Ex. 9 at pages 133-135.

- On October 2, 2008, HSBC Finance was named as a defendant in *Velasquez et al. v. HSBC Finance Corp*., Case No. 2008-cv-4592, United States District Court for the Central District of California.  RJN, Ex. 10 at pages 136-153.  HSBC Finance Answered on February 2, 2009. RJN, Ex. 11 at 154-178.

- On June 25, 2010, HSBC Finance was named as a defendant in *Hernandez v. HSBC Bank USA National Association, et al*., Case No. 2010-cv-4753, United Central District Court for the Central District of California.  On June 25, 2010, the federal case was removed to this district court by HSBC Finance and its co-defendants.  RJN, Ex. 12 at 179-232.

### G. Plaintiff Has Made a *Prima Facie* Showing of Personal Jurisdiction

"*Prima facie*" showing of personal jurisdiction means that plaintiffs have produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction.  Fed. Rules Civ. Proc. Rule 12(b)(2).  *See also Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).  "When defendant's motion to dismiss is made as its initial response, plaintiff only needs to make a *prima facie* showing that personal jurisdiction exists." *Colt*, 75 F.Supp.2d at 1107 (citing *Data Disc,* 557 F.2d at 1285).  "In this context, a '*prima facie*' showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction."  *Id.* (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203-04 (5th Cir. 1989)).  When, as here, the district court " 'rel[ies] on affidavits and discovery materials without holding an evidentiary hearing, dismissal is appropriate only if the plaintiff has not made a prima facie showing of personal jurisdiction.'"  *See AT&T*, 94 F.3d at 588.  "[C]onflicts between the facts contained in the parties' affidavits must be resolved in ... [plaintiff's] favor." *Id.*

/ / /

Plaintiff has produced admissible evidence here which, if believed, would be sufficient to establish the existence of personal jurisdiction over HSBC Finance.

## V.     CONCLUSION

The evidence shows that, at least for purposes of the FAC, there is personal jurisdiction over HSBC Finance, or at a minimum that discovery is appropriate to determine the specific roles of these entities and their relationship to HSBC Finance.

DATED:  July 26, 2010                              Respectfully submitted,

THE CONSUMER LAW GROUP

By:     S/Alan M. Mansfield
     ALAN M. MANSFIELD
     alan@clgca.com
9466 Black Mountain Rd., Suite 225
San Diego, CA 92126
Tel: (619) 308-5034 / Fax: (888) 341-5048

ARLEO LAW FIRM, PLC

By:     S/Elizabeth J. Arleo
     ELIZABETH J. ARLEO
     elizabeth@arleolaw.com
1672 Main Street, Suite E, PMB 133
Ramona, CA 92065
Telephone: 760/789-8000/ Fax: 760/789-8081

Attorneys for Plaintiff