UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ANN BAILEY et al.,<br><br>                              Plaintiff,<br>vs.<br>HOUSEHOLD FINANCE<br>CORPORATION OF CALIFORNIA,<br>HSBC FINANCE CORPORATION,<br>HSBC CARD SERVICES INC., HSBC<br>BANK NEVADA, N.A.,<br><br>                              Defendants. | CASE NO. 10cv857 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Portions of Plaintiff's First Amended Complaint (ECF No. 20) filed by Defendants Household Finance Corp. of California, HSBC Card Services Inc., and HSBC Bank Nevada, N.A. for failure to state a claim; and the Motion to Dismiss First Amended Complaint (ECF No. 23) filed by HSBC Finance Corporation for lack of personal jurisdiction.

**BACKGROUND**

Plaintiff Debra Ann Bailey ("Plaintiff") filed a putative class action complaint alleging that Defendants Household Finance Corp. of California, HSBC Card Services Inc., and HSBC Bank Nevada, N.A. violated California's Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788-1788.32; California's Invasion of Privacy Act, California Penal Code § 630, *et seq.*; the federal Telephone Consumer Protection Act; and California's Unfair

Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. (ECF No. 14 at 2).

Plaintiff alleges that in 2007, she received a personal loan from Household Finance Corp. of California for $6,000 with an annual interest rate of 29% and monthly payments of $229. *Id.* at 6 ¶ 24. Plaintiff alleges that in 2006 or 2007, she received an unsolicited credit card from "HSBC."[1] *Id.* at 7 ¶ 25. Plaintiff alleges that in July 2009, she was no longer able to make payments on her Household Finance Corp. of California loan and "HSBC" credit card. *Id.* at 7 ¶ 26. Plaintiff alleges that "Defendants persisted in a course of action in making hundreds of telephone calls to Plaintiff, mainly on her cellular telephone but also to her land line home phone, in an attempt to coerce her to make payments on her loans." *Id.* at 7 ¶ 27.

Plaintiff alleges that Defendants violated California's Invasion of Privacy Act, California Penal Code § 630, *et seq*. by using "a software system that enables [Defendants] to secretly record confidential telephone conversations . . . ." *Id.* at 20 ¶ 105. Plaintiff alleges that Defendants violated California's Invasion of Privacy Act, and the federal Telephone Consumer Protection Act by secretly recording confidential telephonic communications "without an advisory at the initiation of the telephone call that these confidential telephonic communications could be or were being monitored and/or recorded, and without obtaining express advance consent to record such conversations or providing an advisory at the initiation of the call [that] such calls would be recorded." *Id.* at 20-21 ¶ 108; 22 ¶ 117.

Plaintiff alleges that Defendants also violate California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. *Id.* at 22 ¶ 117. Plaintiff alleges that during a phone call on October 8, 2009, a "[Household Finance Corp. of California] representative demanded that Plaintiff make a full monthly payment of $229, in order for her to qualify for a hardship program." *Id.* at 14 ¶ 89. Plaintiff alleges that she told the Household Finance Corp. of California representative that she would need to borrow the money but, "[t]he representative indicated that the company did not care, and made it clear that doing so would be the only way

---

[1] Plaintiff's allegations against "HSBC" includes Defendants HSBC Finance Corp., HSBC Card Services, Inc. and HSBC Nevada, N.A. (ECF No. 14 at 2 n.1).

she could stop the multiple daily telephone calls, including the calls to her cellular telephone." *Id.* Plaintiff alleges that she borrowed the money and paid it to "[Household Finance Corp. of California] to stop such harassing calls." *Id.* Plaintiff further alleges that she "has needed to pay additional amounts for cellular telephone charges attributable to such calls, $100 to a bankruptcy attorney based on her trying to determine if there was a way to stop such calls, and approximately $25 in mailing costs to Defendants sending certified letters related to such calls." *Id.*

On June 24, 2010, Defendants Household Finance Corp. of California, HSBC Card Services Inc., and HSBC Bank Nevada, N.A. filed this Motion to Dismiss Portions of Plaintiff's First Amended Complaint. (ECF No. 20). The Motion to Dismiss asserts that the First Amended Complaint fails to state a claim against Defendants for violations of California's Invasion of Privacy Act, California Penal Code § 630, *et seq*. and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* at 6. Defendants also filed a Request for Judicial Notice in Support of the Motion to Dismiss. (ECF No. 20-2).

On July 22, 2010, Plaintiff filed an Opposition. (ECF No. 28). Plaintiff also filed an Objection and Request to Strike "Exhibit A" to the Request for Judicial Notice. (ECF No. 28-2). On August 2, 2010, Defendants filed a Reply. (ECF No. 31).

**I. Motion to Dismiss For Failure to State a Claim by Household Finance Corp. of California, HSBC Card Services, HSBC Bank Nevada**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Courts may "consider . . . matters of judicial notice without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be

enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### A.     Penal Code Section 632 Claim

Defendants contend that the Penal Code claim against HSBC Card Services and HSBC Bank Nevada should be dismissed because Plaintiff expressly consented to call recording and monitoring. (ECF No. 20-1 at 21). Defendants have submitted a cardmember agreement which states, "You agree that our supervisory personnel may listen and record telephone calls between you and our representatives[.]" (ECF No. 20-2 at 15). Defendants request the Court take judicial notice of the cardmember agreement. (ECF No. 20-2 at 2). Defendants explain that "Plaintiff references her credit card account with HSBC Bank Nevada in the First Amended Complaint, but does not attach the operative agreement as an exhibit." *Id.* Defendant seeks judicial notice "[t]o remedy that omission[.]" *Id.*

Plaintiff opposes Defendants' request for judicial notice and disputes the document's authenticity asserting that it is "a generic, undated and unsigned purported 'operative agreement' that does not even contain plaintiff's name or any indicia relating the document to plaintiff." (ECF No. 28-2 at 2). Plaintiff also contends that the document is hearsay because "Defendants improperly rely on [the operative agreement] to prove the truth of what it states." *Id.* at 5.

Fed R. Evid. 201 provides that "a judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to

sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 210(b). "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002)). "Such consideration does not convert the motion to dismiss into a motion for summary judgment." *Id.* (quotation omitted). "[A] court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cal. 2001) (quotation omitted).

In this case, Plaintiff questions the authenticity of the cardmember agreement and the document is not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The cardmember agreement is not referred to in the allegations of the Complaint. Defendants' request for judicial notice (ECF No. 20-2) is denied.[2] Defendant's Motion to Dismiss the Penal Code claim relies upon documents outside the allegations in the Complaint which is not appropriate under Rule 12(b)(6). Defendants' Motion to Dismiss Plaintiff's claim for violation of California Penal Code Section 632 is denied.

**B.    California's Unfair Competition Law Claim**

**1.    The Loan**

Defendants contend that Plaintiff lacks standing to assert a claim under California's Unfair Competition Law ("UCL") with regard to her personal loan because the Complaint fails to allege facts to support a claim that she lost any money or property within the meaning of the UCL. (ECF No. 20-1 at 14). Defendants contend that "only a loss eligible for 'restitution' confers UCL standing." *Id.* Defendants contend that the single $229 payment that Plaintiff paid to Household Finance Corp. of California was not restitutionary in nature and cannot

---

[2] Plaintiff asks the Court to strike all references to the cardmember agreement in Defendants' memorandum in support of their motion to dismiss. (EFC No. 28-2 at 6). "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). There are no grounds to strike references to the cardmember agreement. Plaintiff's request to strike is denied.

show Plaintiff suffered an injury in fact. *Id.* at 17. Defendants assert that "Plaintiff was contractually obligated to make that payment, and, more importantly, [Household Finance Corp. of California] was legally entitled to receive it." *Id.* at 14. Defendants further contend that any payments that Plaintiff made to third parties would be a basis for damages, not restitution. *Id.* at 16-17.

Plaintiff contends that standing exists where the wrong caused the harm. (ECF No. 28 at 8). Plaintiff contends that "she only needs to assert that she expended money that she would not have paid at the time if she had not been exposed to the illegal conduct." *Id*. at 8-9.

California's UCL permits civil recovery for "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ." Cal. Bus. & Prof. Code § 17200. "Historically, the UCL authorized any person acting for the interests of the general public to sue for relief notwithstanding any lack of injury or damages." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1359 (2010); *see also Californians for Disability Rights v. Mervyn's, LLC,* 39 Cal. 4th 223, 227 (2006). Proposition 64 amended the UCL to limit standing to sue. *Durell*, 183 Cal. App. 4th at 1359. "After Proposition 64, . . . a private person has standing to sue only if he or she 'has suffered [an] injury in fact and has lost money or property as a result of such unfair competition.'" *Californians for Disability Rights,* 39 Cal. 4th at 227 (quoting Cal. Bus. & Prof. Code § 17204); *see also Hall v. Time, Inc.,* 158 Cal. App. 4th 847, 855 (2008).

"The remedies available under the UCL are limited to injunctive, restitutionary and related relief." *Nelson v. Pearson Ford Co.*, 186 Cal. App. 4th 983, 1015 (2010) (citations omitted). "[T]he notion of restoring something to a victim of unfair competition includes two separate components. The offending party must have obtained something to which it was not entitled and the victim must have given up something which he or she was entitled to keep." *Day v. AT&T Corp*., 63 Cal. App. 4th 325, 340 (1998); *see also Feitelberg v. Credit Suisse First Boston, LLC,* 134 Cal. App. 4th 997, 1012 (2005) (quoting *id.*). "Restitution thus is available where 'a defendant has wrongfully acquired funds or property in which a plaintiff has an ownership or vested interest.'" *Feitelberg, LLC,* 134 Cal. App. 4th at 1012. "[I]n the

1  UCL context . . . restitution means the return of money to those persons from whom it was
2  taken or who had an ownership interest in it." *Id.*

3  Plaintiff alleges in her Complaint that she received a loan from Household Finance
4  Corp. of California which required monthly payments of $229. (ECF No. 14 at ¶ 24). Plaintiff
5  alleges that she stopped making payments in 2009. *Id.* at ¶26. Plaintiff alleges sometime after
6  July 2009, Plaintiff paid $229 to Household Finance Corp. of California after receiving
7  hundreds of phone calls. *Id.* at ¶ 89. Therefore, Plaintiff has alleged she paid money to
8  Household Finance Corp. of California but she has not alleged facts that show that Household
9  Finance Corp. of California "obtained something to which it was not entitled and [Plaintiff]
10 . . . [gave] up something which [she] was entitled to keep." *Day*, 63 Cal. App. 4th at 340; *see*
11 *also Feitelberg*, 134 Cal. App. 4th at 1012.

12 In addition, Plaintiff alleges that she paid money to third parties as a result of the
13 harassing phone calls including "additional amounts for cellular telephone charges attributable
14 to such calls, $100 to a bankruptcy attorney based on her trying to determine if there was a way
15 to stop such calls, and approximately $25 in mailing costs . . . ." (ECF No. 14 at ¶ 89). These
16 additional amounts were not paid by Plaintiff to Household Finance Corp. of California.
17 Plaintiff has failed to allege that Household Finance Corp. of California wrongfully acquired
18 these funds. *Feitelberg, LLC,* 134 Cal. App. 4th at 1012. These additional amounts of
19 damages for money paid to third parties are not available under California's UCL. *See Korea*
20 *Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1150 (Cal. 2003) ("[I]t is well
21 established that individuals may not recover damages [under California's Unfair Competition
22 Law].") (citing *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1266 (Cal. 1992)).
23 Defendants' Motion to Dismiss Plaintiff's UCL claim based on her loan from Household
24 Finance Corp. of California is granted.

25             **2.     The Credit Card Account**

26 Defendants also contend that Plaintiff lacks standing to assert a claim under California's
27 UCL with regard to her credit card account because the Complaint fails to allege facts to
28 support a claim that she lost any money or property within the meaning of the UCL. (ECF No.

20-1 at 13.) Defendants contend that "[w]hile the [Complaint] may state a claim for damages under various consumer protection statutes, it does not qualify for UCL relief." *Id.*

Plaintiff has not alleged in her Complaint that she paid any money to any Defendant with regard to her credit card account. (ECF No. 14 at ¶ 89). Defendants' Motion to Dismiss Plaintiff's UCL claim based on her credit card account is granted.

## II.    Motion to Dismiss for Lack of Personal Jurisdiction by HSBC Finance Corp.

HSBC Finance Corp. moves this Court for an order dismissing the First Amended Complaint for lack of personal jurisdiction asserting that it is a holding company which does not conduct business in California and did not participate in the conduct which is the subject of Plaintiff's Complaint. (ECF Nos. 23, 30).  Plaintiff asserts that HSBC Finance Corp. is subject to general or specific jurisdiction; and, if the Court finds otherwise, requests that the Court grant jurisdictional discovery.  (ECF No. 29).

On a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. *Farmers Ins. Exchange v. Portage La Prarie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir. 1990).  Where the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to satisfy this burden. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1108 (9th Cir. 2002). While the plaintiff cannot "simply rest on the bare allegations of its complaint," *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977), uncontroverted allegations in the complaint must be taken as true. *AT&T v. Campagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996).  Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.  *Id.*; *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [the plaintiff's] version of events for purposes of this appeal."). "[I]f a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 (9th

Cir. 1977).

A district court has discretion to permit or deny jurisdictional discovery. *Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 2008). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* A district court may deny jurisdictional discovery "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants . . . ." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quotation omitted).

The exercise of personal jurisdiction over a nonresident defendant must be authorized under the state's long-arm statute and must satisfy the due process clause of the United States Constitution. *Pac. Atl. Trading Co. v. M/V Main Express,* 758 F.2d 1325, 1327 (9th Cir. 1985). California's long-arm statute permits the exercise of personal jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States." Cal. Civ. Pro. Code § 410.10. Due process requires that the defendant have such "minimum contacts" with the forum state that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1954). Under due process analysis, a defendant may be subject to either general or specific personal jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).

**A.    General Personal Jurisdiction**

HSBC Finance Corp. contends that it is not subject to jurisdiction in California because it is a Delaware corporation with its principal place of business in Illinois. (ECF No. 23-1 at 5; 23-2 at 2). The Declaration of Michael J. Forde, Senior Vice President and General Counsel-Treasury for HSBC Finance Corp., states that HSBC Finance Corp. is a holding company for "numerous subsidiaries, various of which issue [credit cards] . . . [and i]n the past, HSBC Finance's subsidiaries also provided other types of loan products . . . ." (ECF No. 23-2 at 2). The declaration states that HSBC Finance Corp. "is not registered or licensed to do business, and does not do business, in California." *Id.* at 2. The declaration states that HSBC

Finance Corp. "does not solicit business in California, and does not market or advertise any services to the residents of California." *Id*. at 3. The declaration states that "as a holding company, HSBC Finance does not have the licenses, charters, regulatory authorization, or infrastructure in place to issue credit cards or lend money to consumers." *Id.* at 4.

Plaintiff contends that HSBC Finance Corp. is subject to general jurisdiction on the grounds that it provides direction for its subsidiaries, that it has an interactive web site, that it owns or leases property in California, that it earns 11% of its income from California residents, and that it has defended against six lawsuits in California. (ECF No. 29 at 9, 11). Plaintiff has submitted publically available documents as Exhibits 1-12 which the Court considers including, "Selected pages from HSBC Finance Corporation's web site <www.us.hsbc.com>[;] Section I of the HSBC Finance Corporation, Form 10-K for fiscal year ended 2009[; A r]eport from Accurint.com for telephone listing at 931 Corporate Center Drive, Pomona, California 91768[;]" and nine filings from six cases in the State of California in which HSBC Financial Corp. was named as a defendant. (ECF No. 29-1 at 2-3).[3]

"For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in continuous and systematic general business contacts, that approximate physical presence in the forum state." *Schwartzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004) (internal quotations omitted). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.*

### 1. **Parental Control of Subsidiary**

Plaintiff contends that HSBC Finance Corp. "provides the direction" for its subsidiaries. (ECF No. 29 at 9). Plaintiff contends that "The fact that there are two subsidiaries (co-defendants [Household Finance Corp. of California] and HSBC Bank Nevada) that engage

---

[3] Plaintiff further requests the Court take judicial notice of adjudicative facts, or of facts and matters in dispute regarding these 12 Exhibits which is not permitted. Fed. R. Civ. P.201(b); *Wyatt v. Terhune*, 315 F.3d 1108, 1114 & n.5 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). Plaintiff's Requests for Judicial Notice is denied.

1 in similar recording practices indicates the policies at issue are set by its parent HSBC
2 Finance." *Id.* at 13.

3       HSBC Finance Corp.'s declaration states that it "provides general oversight, and sets
4 general policy for its subsidiaries, but is not involved with the day-to-day operations of its
5 subsidiaries, which are independently managed." (ECF No. 23-2 at 4).

6       "The existence of a relationship between a parent company and its subsidiaries is not
7 sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries'
8 minimum contacts with the forum." *Doe v. Unocal Corp.,* 248 F.3d 915, 925 (9th Cir. 2001)
9 "Nonetheless; 'if the parent and subsidiary are not really separate entities, or one acts as an
10 agent of the other, the local subsidiary's contacts with the forum may be imputed to the foreign
11 parent corporation.'" *Id.* at 926 (quoting *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676
12 (D.C. Cir.1996)). "An alter ego or agency relationship is typified by parental control of the
13 subsidiary's internal affairs or daily operations." *Id.* (citing *Kramer Motors, Inc. v. British
14 Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir.1980)).

15       The Court concludes that the facts bearing on the extent of HSBC Finance Corp.'s
16 control over its subsidiaries are controverted and that a more satisfactory showing is necessary
17 to determine whether HSBC Finance Corp.'s control over its subsidiaries would support the
18 exercise of jurisdiction. *See Boschetto,* 539 F.3d at 1020.

19              **2.    Website**

20       Plaintiff contends that "HSBC Finance offers its financial services to California
21 consumers on its website." (ECF No. 29 at 16.) "HSBC Finance's interactive web site allows
22 users in California and elsewhere to establish and manage on-line accounts, make payments,
23 communicate with defendants and complete on-line forms and applications. *Id.* (citing
24 www.hfc.com). Plaintiff has submitted pages from the web site www.hsbc.com. (ECF No.
25 29-1 at 2-4).

26       Defendant contends that HSBC Finance does not operate www.hfc.com or
27 www.hsbc.com. (ECF No. 30 at 6). Defendant contends the web site "is not equivalent to a
28 virtual store [because i]t sells nothing." *Id.* at 7. Defendant has submitted pages from

www.hsbc.com.  (ECF No. 30-1 at 4-7).

When personal jurisdiction is premised on a defendant's internet activity, courts must examine "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 418 (9th Cir. 1997) (quotation omitted).  "[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Id.* at 419 (quotation omitted); *see also Callaway Golf Corp. v. Royal Canadian Gold Ass'n,* 125 F. Supp. 2d 1194, 1204 (C.D. Cal. 2000) (finding defendant received a small portion of its revenue from the web site and "[s]imply by maintaining a Web site accessible to California users and including information on the site . . . [defendant] has not purposely availed itself of this forum.")

The Court concludes that the facts bearing on HSBC Finance Corp.'s website are controverted and that a more satisfactory showing is necessary to determine whether HSBC Finance Corp.'s website would support the exercise of jurisdiction.  *See Boschetto,* 539 F.3d at 1020.

### 3.  Income

Plaintiff contends that the highest percentage of HSBC Finance Corp.'s income is derived from consumers in California.  (ECF No. 29 at 15).  Plaintiff has submitted HSBC Finance Corp.'s 2009 annual report which states: "Consumers residing in the State of California accounted 11 percent of our consumer receivables."  (ECF No. 29-1 at 11).

Defendant contends that the annual report explains that "HSBC Finance Corporation and its subsidiaries are referred to as 'we,' 'us' or 'our.'" (ECF No. 30 at 7).  "For this reason, Plaintiff's assertions are misleading and not sufficient to establish that HSBC Finance, as opposed to its subsidiaries, has contact with California . . . ." *Id.*  HSBC Finance Corp.'s declaration state that it "is not registered or licensed to do business, and does not do business, in California." (ECF No. 23-2 at 3).

The evidence is not adequate to determine whether HSBC Finance Corp. generates income from sources in California.  *See Doe v. Unocal Corp.,* 248 F.3d at 929

("[C]onsolidating the activities of a subsidiary into the parent's reports is a common business practice.") (citing *Calvert v. Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995)).

The Court concludes that the facts bearing on HSBC Finance Corp.'s income from California consumers are controverted and that a more satisfactory showing is necessary to determine whether HSBC Finance Corp.'s income from California consumers would support the exercise of jurisdiction. *See Boschetto,* 539 F.3d at 1020.

### 4.     Property

Plaintiff has submitted HSBC Finance Corp.'s 2009 annual report which states, "Our operations are located throughout the United States, with principal facilities located in . . . Pomona, California; [and] Salinas, California . . . ." (ECF No. 29-1 at 25). Plaintiff has submitted a public telephone listing and contends, "Telephone records confirm the telephone number for the call center located at 931 Corporate Center Drive, Pomona CA 91768-2642, is registered to HSBC Finance." (ECF No. 29 at 17; 29-1 at 30).

HSBC Finance Corp. has declared that it "does not own any real property that is located in California." (ECF No. 23-2 at 3). Defendant contends that the telephone record "actually states that the call center number is registered to 'Household Finance Corp.'" (ECF No. 30 at 8).

The Court concludes that the facts bearing on HSBC Finance Corp.'s property in California are controverted and that a more satisfactory showing is necessary to determine whether HSBC Finance Corp.'s property in California would support the exercise of jurisdiction. *See Boschetto,* 539 F.3d at 1020.

### 5.     Lawsuits

Plaintiff contends that "HSBC Finance has consented to or otherwise been subject to jurisdiction in federal courts located within the State of California." (ECF No. 29 at 17). Plaintiff has submitted filings from six cases in which HSBC Finance Corp. was named as a party. (ECF No. 29-1 at 32-232).

Defendant contends that "HSBC Finance has not consented to jurisdiction in California by virtue of its defense of other lawsuits filed against it in California." (ECF No. 30 at 8).

HSBC Finance Corp.'s declaration states that it "[has] a registered agent for service of process in California, but that is only to facilitate service, and was not and is not intended to indicate consent to jurisdiction in California state or federal courts." (ECF No. 23-2 at 3).

A party's consent to jurisdiction in one case does not necessarily subject it to jurisdiction in another case. *Dow Chemical Co. v. Calderon*, 422 F.3d 827, 833-34 (9th Cir. 2005) (establishing an affirmative relief rule which holds that "personal jurisdiction exists where a defendant . . . independently seeks affirmative relief in a separate action before the same court concerning the same transaction or occurrence."); *see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 50 n.5 (2nd Cir.1991) ("A party's consent to jurisdiction in one case, however, extends to that case alone. It in no way opens that party up to other lawsuits in the same jurisdiction in which consent was given . . . .") .

The Court concludes that the facts bearing on whether HSBC Finance Corp. should be subject to jurisdiction based on its participation in other lawsuits in California are controverted and that a more satisfactory showing is necessary to determine whether HSBC Finance Corp. participation in other lawsuits in California would support the exercise of jurisdiction. *See Boschetto,* 539 F.3d at 1020.

The Court concludes that Plaintiff has failed to make a prima facie showing of jurisdictional facts, but there are conflicts over statements made in HSBC Finance Corp.'s declaration and the written evidence that Plaintiff has submitted which supports jurisdictional discovery. *See Dole Food Co.*, 303 F.3d at 1108.

**B.    Specific Personal Jurisdiction**

Plaintiff contends that HSBC Finance Corp. is subject to specific jurisdiction on the grounds that it "owns the subsidiary which, according to its own admission, manages and oversees the monitoring and recording of telephonic communications for telephonic communications between HSBC Finance's co-defendants and California residents." (ECF No. 29 at 9-10) (citation omitted).

A court exercises specific personal jurisdiction over a defendant where the claim arises

out of or has a substantial connection to the defendant's contact with the forum. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). The Ninth Circuit analyzes specific jurisdiction according to a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Menken v. Emm,* 503 F.3d 1050, 1057 (9th Cir. 2007).

### 1.     **Purposeful Availment**

The first prong of the personal jurisdiction analysis "may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Menken,* 503 F.3d at 1057. Purposeful availment may be satisfied by a defendant "'whose only 'contact' with the foreign state is the 'purposeful direction' of a foreign act having effect in the forum state.'" *Dole Food Co.*, 303 F.3d at 1111 (quoting *Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1397 (9th Cir. 1986).

Plaintiff refers to the Declarations of Todd Folkes, Manager CSS Witness/EWFM/Inova with HSBC Technology & Services (USA), Inc. and Brenda Wolfe, Vice President North America Quality with HSBC North America Holdings, filed in connection with a discovery motion in this case, to assert that "[Household Finance Corp. of California] and HSBC Bank Nevada are not autonomous entities as HSBC Finance would have this Court believe." (ECF No. 29 at 13-14 (emphasis omitted)). Plaintiff contends, "The computerized automated telephonic recording system at issue operates from a common source, and . . . the persons responsible for finding and documenting the misconduct at issue operate across HSBC Finance subsidiary lines." *Id.* at 14.

Defendant contends that "Plaintiff misleadingly conflates HSBC Finance with . . . HSBC Technology & Services (USA), Inc. ("HTS"), HSBC Bank Nevada, HSBC Card

1  Services and [Household Finance Corp. of California]." (ECF No. 30 at 12).  HSBC Finance
2  Corp.'s declaration states that it "does not collect or attempt to collect on any consumers
3  loans."  (ECF No. 23-2 at 3).  The declaration states, "HSBC Finance Corp. does not
4  communicate directly with California Consumers." *Id.* at 4.  The declaration states that HSBC
5  Finance Corp. "does not set call frequency on the auto-dialers used to call customers of
6  [Household Finance Corp.] and HSBC Bank Nevada." *Id.*  The declaration states that HSBC
7  Finance Corp. "does not select the phone numbers that are called when accounts issued by
8  [Household Finance Corp.] and HSBC Bank Nevada go into collections." *Id.*

9        The Court concludes that Plaintiff has failed to make a prima facie showing of
10 jurisdictional facts, but there are conflicts over statements made in HSBC Finance Corp.'s
11 declaration and the written evidence that Plaintiff has submitted which supports jurisdictional
12 discovery. *See Dole Food Co.*, 303 F.3d at 1108.  Because the Court has found that Plaintiff
13 failed to make a prima facie showing that HSBC Finance Corp. purposefully availed itself of
14 jurisdiction in California, the Court does not need to address relatedness or reasonableness.

15 **CONCLUSION**

16       IT IS HEREBY ORDERED that the Motion to Dismiss Portions of Plaintiff's First
17 Amended Complaint (ECF No. 20) for failure to state a claim is GRANTED IN PART and
18 DENIED IN PART.  Defendants' Motion to Dismiss Plaintiff's claims that Defendants
19 violated California's Unfair Competition Law regarding her loan and credit card is granted and
20 the claims are dismissed without prejudice.  Defendants' Motion to Dismiss Plaintiff's penal
21 code claim is denied.

22       IT IS FURTHER ORDERED that HSBC Finance Corporation's Motion to Dismiss First
23 Amended Complaint (ECF No. 23) for lack of personal jurisdiction is DENIED without
24 prejudice.  Plaintiff is permitted 60 days from the date of this order to conduct jurisdictional
25 discovery.  The parties are referred to the Magistrate Judge assigned to this case for discovery
26 issues.  HSBC Finance Corp. is ordered to file a Motion to Dismiss for Lack of Personal
27 //
28 //

1  Jurisdiction or a responsive pleading within 74 days from the date of this Order.

2  DATED: November 4, 2010

**WILLIAM Q. HAYES**
United States District Judge