ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO (CASB No. 201730)
1672 Main Street, Suite E, PMB 133
Ramona, CA 92065
Telephone: 760/789-8000
760/789-8081 (fax)
Email: elizabeth@arleolaw.com

THE CONSUMER LAW GROUP
Alan M. Mansfield (SBN 125998)
9466 Black Mountain Rd., Suite 225
San Diego, CA 92126
Tel: (619) 308-5034
Fax: (888) 341-5048

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ANN BAILEY, both individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA; HSBC FINANCE CORPORATION; HSBC CARD SERVICES INC.; HSBC BANK NEVADA, N.A; and DOES 4 through 10, inclusive <br><br> Defendants. | CASE NO.: 10-CV-0857-WQH (RBBx) <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES <br><br> DATE:     January 24, 2011 <br> TIME:     11:00 a.m. <br> COURTROOM: 4 <br><br> The Honorable William Q. Hayes <br><br> **[NO ORAL ARGUMENT UNLESS REQUESTED BY COURT]** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Representative Plaintiff Debra Ann Bailey ("Plaintiff"), by and through her counsel of record, hereby submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion to Strike 12 of the 14 Affirmative Defenses asserted in the Answer of Defendants Household Finance Corporation of California, HSBC Bank Nevada, N.A., and HSBC Card Services Inc. to First Amended Complaint filed on November 29, 2010 [Docket #35] and 10 of the 12 Affirmative Defenses asserted the Answer of Defendant HSBC Finance Corporation to First Amended Complaint filed on December 14, 2010 [Docket #39].

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff moves to strike these Affirmative Defenses on the grounds that either they are not an affirmative defense or the defenses are not pled with sufficient particularity to provide Plaintiff with "fair" notice of the defenses being advanced as the pleadings fail to raise the alleged defenses beyond the speculative level.  If Plaintiff had alleged a cause of action in the Complaint against Defendants but failed to include any facts supporting it, Defendants would surely move to dismiss it.  The same rules apply equally to an Answer.  Defendants' Affirmative Defenses are "boilerplate" defenses void of *any* facts, even though they allege that certain unspecified conduct of the Plaintiff and the members of the proposed class is what gives rise to the particular affirmative defense.

On December 15, 2010, counsel for the parties met and conferred in an effort to informally resolve the issues. The parties agreed that Defendants would withdraw their Second Affirmative Defense subtitled "Standing" and that Plaintiff would not move to strike on Defendants' Fourth Affirmative Defense subtitled "Adequate Remedy At Law."  Declaration of Elizabeth J. Arleo In Support of Motion to Strike Affirmative Defenses ("Arleo Decl."), ¶¶6-10, Exs. 2, 3.   Twelve Affirmative Defenses remain unresolved.  *Id.*  For the reasons stated below, the Court should strike the First, Third, and Fifth through Fourteen Affirmative Defenses asserted in the Answer of Defendants Household Finance Corporation of California, HSBC Bank Nevada, N.A., and HSBC Card Services Inc. to First Amended Complaint [Docket #35] and the First, Third, and Fifth through Twelfth Affirmative Defenses asserted in the Answer of Defendant

1   HSBC Finance Corporation to First Amended Complaint. [Docket #39]

2   **II.      RELEVANT FACTUAL AND PROCEDURAL HISTORY**

3           On March 23, 2010, Plaintiff filed her original complaint in Superior Court of California,

4   County of San Diego.  Defendants removed the case to this Court on April 23, 2010.  [Docket #1]

5   and Plaintiff's First Amended Complaint ("FAC") was filed on June 7, 2010.  [Docket #s 14, 17].

6   The FAC alleges that Defendants violated: (i) the California Rosenthal Fair Debt Collection

7   Practices Act, Cal. Civil Code §§1788 *et seq.* by placing hundreds of harassing debt collection

8   telephone calls to Plaintiff and each of the other class members; (ii) California's Invasion of

9   Privacy Act, Cal. Penal Code §630 *et seq.* for recording telephonic communications with Plaintiff

10  and other class members without two-party consent; (iii) the federal Telephone Consumer

11  Protection Act, 47 U.S.C., §227, for unauthorized calls to Plaintiff's and other class members'

12  cellular telephones; and, (iv) the commission of unlawful, unfair and fraudulent business practices

13  arising from Defendants' misconduct in violation of California Bus. & Prof. Code §§17200 *et*

14  *seq.* ("UCL").

15          On November 4, 2010, this Court issued its Order granting and denying in part

16  Defendants' motions to dismiss and requiring Defendants to file an Answer to the FAC.  [Docket

17  #34].   In response, on November 29, 2010, defendants Household Finance Corporation of

18  California, HSBC Bank Nevada, N.A., and HSBC Card Services Inc. filed a joint Answer to the

19  FAC pleading 14 Affirmative Defenses [Docket #35].  On December 14, 2010, Defendant HSBC

20  Finance Corporation filed its Answer to First Amended Complaint [Docket #39] pleading 12 of

21  the 14 Affirmative Defenses contained in its co-defendants' Answer.

22          On December 13, 2010, Plaintiff's counsel sent a letter to Defendants' counsel requesting

23  that the parties schedule a meet and confer to discuss Defendants' Answer. Arleo Decl., ¶¶2-3,

24  Ex. 1.  A telephonic meet and confer was conducted on December 15, 2010 wherein the parties

25  reached agreement on only two of the Affirmative Defenses.  *Id.,* ¶¶6-10, Exs. 2, 3 (attaching

26  email memorializing discussion and defense counsel's response).   The parties agreed that

27  Defendants would withdraw their Second Affirmative Defense subtitled "Standing" and that

28

1  Plaintiff would not move to strike on Defendants' Fourth Affirmative Defense subtitled

2  "Adequate Remedy At Law."  *Id.*   Defendants' counsel, however, refused to amend any of the

3  remaining Affirmative Defenses to provide the factual background or support for those defenses.

4  *Id.*, ¶6.

5  **III.    EACH AFFIRMATIVE DEFENSE CHALLENGED HEREIN IS LEGALLY INSUFFICIENT OR FAILS TO PROVIDE THE FACTUAL ALLEGATIONS THAT ARE NECESSARY TO SUPPORT THE AFFIRMATIVE DEFENSE**

6

7        The 12 Affirmative Defenses at issue here read as follows.[1] Below each defense listed,

8  Plaintiff provides the reason(s) why each should be stricken.

9                                First Affirmative Defense
                                (Failure to State a Claim)
10       1.    In their first affirmative defense, Answering Defendants allege that the
              FAC, and each cause of action asserted therein, fails to state a claim upon
11            which relief may be granted.

12       This Affirmative Defense should be stricken because: (i) it is not an affirmative defense

13  but only an allegation as to the sufficiency of Plaintiff's claims, and (ii) the Court's November 4,

14  2010 Order granting and denying in part Defendants' motions to dismiss already found that, at

15  least for pleading purposes, the FAC did state a claim upon which relief may be granted.  [Docket

16  #34]

17                                Third Affirmative Defense
                                (Justification and Privilege)
18       3.    For their third affirmative defense, Answering Defendants allege that it
              cannot be liable for any alleged violation of California Civil Code §§ 1788, *et seq.,*
19            California Penal Code §632 *et seq.,* or 47 U.S.C. section 227 *et seq.*, because their
              actions, conduct and dealings were lawful, as authorized by applicable state and
20            federal statutes, rules and regulations, and such actions and conduct were carried
              out in good faith and for legitimate business purposes.
21

22       This Affirmative Defense should be stricken because Defendants fail to state what facts

23  support a claim that their conduct was carried out in good faith, what business justifications they

24  allege support harassing and illegal conduct, and what applicable state and federal statutes

25  authorized such conduct.

26  ───────────────
    [1]     The specific language of Defendants' Affirmative Defenses cited herein is to the Answer
27  of Defendants Household Finance Corporation of California, HSBC Bank Nevada, N.A.,
    and HSBC Card Services Inc. to First Amended Complaint.  [Docket #35]
28

**Fifth Affirmative Defense**
**(Waiver)**

5.      For their fifth affirmative defense, Answering Defendants allege that Plaintiff is barred from recovery under the FAC because Plaintiff, and those she purports to represent, have knowingly and intentionally waived their rights, if any, to seek the relief prayed for in the FAC.

This Affirmative Defense should be stricken because Defendants fail to explain what actions or inactions of the Plaintiff, or any other person, resulted in a knowing and intentional waiver of any rights, even though presumably Defendants know what types of actions they believe they are referring to in supporting this defense.

**Sixth Affirmative Defense**
**(Estoppel)**

6.      For their sixth affirmative defense, Answering Defendants allege that Plaintiff, and those she purports to represent, because of their conduct, are estopped from asserting the claims alleged in the FAC.

This Affirmative Defense should be stricken because Defendants failed to identify factually what conduct they believe would result in them being estopped from asserting each of the claims asserted in the FAC.

**Seventh Affirmative Defense**
**(Non-Certifiable Class)**

7.      For their seventh affirmative defense, Answering Defendants allege that the FAC does not state facts sufficient to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action, therefore, is not properly brought, and cannot be maintained, as a class action.

This Affirmative Defense should be stricken since ¶97 of the FAC allege the prerequisites for class certification and ¶¶90-92 of the FAC allege why Plaintiff believes these are company-wide practices.  Defendants do not explain what facts are missing from the FAC that are insufficient to certify a class or that undermine class certification.

**Eighth Affirmative Defense**
**(Inability to Adequately Represent Class)**

8.      For their eighth affirmative defense, Answering Defendants allege that Plaintiff is not an adequate representative of the alleged class.  This action, therefore, is not properly brought, and cannot be maintained, as a class action.

This Affirmative Defense should be stricken because if Defendants in good faith believe there are unique factual defenses presented by the Plaintiff that they are aware of that they contend do not make her an adequate representative of the Class, Defendants are obligated to state what those facts are.

Ninth Affirmative Defense
(Lack of Commonality)

9.     For their ninth affirmative defense, Answering Defendants allege that the FAC does not state facts sufficient to certify a class because the alleged class lacks commonality.  This action, therefore, is not properly brought, and cannot be maintained, as a class action.

This Affirmative Defense should be stricken because ¶97b of the FAC alleges the presence of common legal and factual issues, which are set forth in detail throughout the FAC.  If Defendants have a factual basis for asserting these claims "lack commonality" (whatever they mean in terms of whether they are referring to the presence or predominance of common questions (*see Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1019-23 (9th Cir. 1988)), Defendants do not explain what facts are missing from the FAC that support their assertion.

Tenth Affirmative Defense
(Lack of Numerosity)

10.     For their tenth affirmative defense, Answering Defendants allege that the FAC does not state facts sufficient to certify a class because the alleged class lacks numerosity.  This action, therefore, is not properly brought, and cannot be maintained, as a class action.

This Affirmative Defense should be stricken being that these are corporate-wide practices allegedly involving thousands of persons (*see* ¶97a of the FAC), which Defendants have corroborated in other filings with this Court.  On May 19, 2010, for example, Defendants asserted in their Ex Parte Application for Order Regarding Preservation of Electronic Recordings of Telephone Calls; Memorandum of Points and Authorities [Docket #7-1] at 3:19-21 that "[m]illions of calls emanate from [28 domestic and international call centers] every month.  Many of these calls are made to California residents . . ."  If Defendants have other facts that support their Affirmative Defense that the class lacks numerosity, then they need to allege such facts.

Eleventh Affirmative Defense
(Failure to Mitigate)

11.     For their eleventh affirmative defense, Answering Defendants allege that Plaintiff is barred from obtaining recovery for any alleged damages because of and to the extent of her failure(s) to mitigate damages.

This Affirmative Defense should be stricken because Defendants fail to explain what factual conduct they believe was required by Plaintiff or members of the class to mitigate damages, since the claims at issue here involved repeated, automated telephone calls and unauthorized recordings of confidential communications (FAC ¶¶29-83).

Twelfth Affirmative Defense
(Choice of Law)

11.     For their twelfth affirmative defense, Answering Defendants allege that the parties' written agreement contains a choice of law provision requiring the application of Nevada and federal law to the claims in this action.

This Affirmative Defense should be stricken as Defendants have failed to identify the agreements they are referring to that contain such a clause.  This is particularly important because as far as Plaintiff is aware based on other communications with counsel, Defendants are referencing only one agreement imposed by one defendant (HSBC Nevada) that has no relevance to most of the claims at issue here.

Thirteenth Affirmative Defense
(Voluntary Payment Doctrine)

11.     For their thirteenth affirmative defense, Answering Defendants allege that the relief sought by Plaintiff and/or members of the putative class is barred in whole or in part by the voluntary payment doctrine.  Answering Defendants further allege that the voluntary payment doctrine precludes class certification.

This Affirmative Defense should be stricken.  Assuming for sake of discussion that the "voluntary payment" doctrine applies in California, Defendants fail to explain what facts support such an affirmative defense – particularly where the conduct at issue involves recording telephone calls and automatically dialing Plaintiff's and others' telephones up to 12 times per day to collect on a debt.  Neither has anything to do with making a "voluntary" payment.  If Defendants are suggesting that if Plaintiff or a class member makes a payment in order to cease repeated, automated, harassing telephone calls they forego any right to sue over those calls or over the

1   unauthorized recordings of separate calls, then they need to state the facts that explain what

2   "payments" they are referring to and how that supports this Affirmative Defense so that Plaintiff

3   has fair notice of that claim's factual and legal basis.

4                                  Fourteenth Affirmative Defense
                                   (Additional Affirmative Defenses)
5        12.     For their fourteenth affirmative defense, Answering Defendants reserve the
         right to allege additional affirmative defenses and additional facts supporting their
6        affirmative defenses after conducting further discovery, investigation, research and
         analyses.
7

8        This purported defense should be stricken because it does not constitute an

9   Affirmative Defense but rather is a reservation of the ability to later seek leave to amend.

10       Plaintiff also moves to strike ten of the 12 Affirmative Defenses asserted in the Answer of

11  Defendant HSBC Finance Corporation to First Amended Complaint. [Docket #39]  The First,

12  Third, and Fifth through Twelfth Affirmative Defenses are verbatim to those asserted by its co-

13  defendants in Docket #35 listed above, except are stated in the singular.

14  **IV.    THE PLEADING STANDARDS APPLICABLE TO A COMPLAINT APPLY
           WITH EQUAL FORCE TO AN ANSWER**
15

16       Under Fed. R. Civ. Proc., Rule 12(f), a Court may strike from a pleading an insufficient

17  defense if it does not provide the plaintiff with "fair notice" of the defense.  *Wyshak v. City Nat'l

18  Bank*, 607 F.2d 824, 827 (9th Cir. 1979).   The purpose of a Rule 12(f) motion is to avoid

19  spending time and money litigating spurious issues.  *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524,

20  1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

21       In general, affirmative defenses are governed by the same pleading standard as complaints

22  and therefore must give plaintiff fair notice of the defense being advanced.  *Qarbon.com Inc. v.*

23  *eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004).   "Affirmative defenses are

24  pleadings and, therefore, are subject to all pleadings requirements of the Federal Rules of Civil

25  Procedure."  *Heller Financial, Inc. v. Midwhey Powder Co.,Inc.*, 883 F.2d 1286, 1294 (7th Cir.

26  1989).  Following the Supreme Court decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009),

27  affirmative defenses must be plead with sufficient factual particularity to survive these newly-

28  announced pleading requirements.

1    Many district courts have found that the Supreme Court decisions in *Bell Atlantic Corp. v.*
2    *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007), and *Iqbal* apply to affirmative
3    defenses.  *See Barnes v. AT&T Pension Benefit Plan*, 2010 WL 2507769, at *11 (N.D. Cal., Case
4    No. C 08-4058 MHP, June 22, 2010) ("The court can see no reason why the same [*Twombly*]
5    principles applied to pleading claims should not apply to the pleading of affirmative defenses
6    which are also governed by Rule 8."); *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 WL
7    3517617, at *8 (N.D. Cal., Case No. C 09-2429 WHA, Oct. 26, 2009) ("Under the *Iqbal* standard,
8    ***the burden is on the defendant to proffer sufficient facts and law to support an affirmative***
9    ***defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the***
10   ***manner defendant intended***.") (emphasis added).  *See also, Hayne v. Green Ford Sales, Inc.,* 263
11   F.R.D. 647, 650 (D. Kan. 2009) (collecting cases).

12       Just as with a cause of action, an affirmative defense to be plausible on its face can only
13   be upheld if it "raises a right to relief above the speculative level" by pleading enough "factual
14   content that allows the court to draw the reasonable inference that the defendant is liable for the
15   misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  At least some facts need to be set forth to alert the
16   plaintiff as to the basis supporting the defense so that plaintiff can ascertain what discovery needs
17   to be completed to respond to such defenses.  Neither the *Twombly* or *Iqbal* standard is met when
18   a defendant fails to assert any facts to support an affirmative defense.

19       Merely listing "boiler plate" defenses without any facts cannot survive after *Iqbal*.  While
20   a plaintiff may need to plead generally because the facts necessary to detail an allegation are in
21   the sole possession of a defendant, this does not apply to a defendant pleading affirmative
22   defenses.  For example, if a defendant contends a claim is barred on the grounds that Plaintiff
23   waived her rights (here, Defendants' Fifth Affirmative Defense), the defendant should set forth
24   what actions or inactions by plaintiff it believes resulted in the knowing and intentional waiver of
25   her rights.  The plaintiff should not be left guessing "What is the claimed waiver?" or "What
26   types of actions is a defendant referring to in supporting this defense?"  Having failed to disclose
27   the facts supporting each of its affirmative defenses, the defense must be stricken.

28

-8-

1         If *Iqbal* requires a plaintiff to do more than plead mere "labels and conclusions" in her

2   complaint, Defendants must be held to the same standard in their pleadings for the reasons set

3   forth in Section III, *supra*.   Here, Defendants failed to allege any facts in support of any of the

4   challenged Affirmative Defenses.   Since without those facts Plaintiff cannot determine these

5   Affirmative Defenses are plausible on their face, each of these defenses must be stricken pursuant

6   to Fed. Rule Civ. Proc. Rule 12(f), and the findings in stated in *Iqbal*.

7   **IV.   CONCLUSION**

8         For the foregoing reasons, Plaintiff requests that the Court strike the First, Third, and Fifth

9   through Fourteen Affirmative Defenses asserted in the Answer of Defendants Household Finance

10  Corporation of California, HSBC Bank Nevada, N.A., and HSBC Card Services Inc. to First

11  Amended Complaint. [Docket #35] Plaintiff also requests that the Court strike the First, Third,

12  and Fifth through Twelfth Affirmative Defenses asserted in the Answer of Defendant HSBC

13  Finance Corporation to First Amended Complaint. [Docket #39]

14

15  December 20, 2010                      Respectfully submitted,

16                                  ARLEO LAW FIRM, PLC

17                                _____s/Elizabeth J. Arleo_____
                                  ELIZABETH J. ARLEO

18                                1672 Main Street, Suite E, PMB 133

19                                Ramona, CA 92065
                                  Tel:  (760) 789-8000

20                                Fax:  (760) 789-8081

21                                THE CONSUMER LAW GROUP
                                  Alan M. Mansfield (SBN 125998)

22                                9466 Black Mountain Rd., Suite 225
                                  San Diego, CA 92126

23                                Tel: (619) 308-5034
                                  Fax: (888) 341-5048

24

25                                Attorneys for Plaintiff

26

27

28

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE