# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ANN BAILEY et al., | CASE NO. 10cv857 WQH (RBB) |
| Plaintiff, | **ORDER** |
| vs. | |
| HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, HSBC FINANCE CORPORATION, HSBC CARD SERVICES INC., HSBC BANK NEVADA, N.A., | |
| Defendants. | |

HAYES, Judge:

  The matters before the Court are the Motion to Strike Affirmative Defenses filed by Plaintiff (ECF No. 41) and the Motion for Partial Summary Judgment on Plaintiff's Claim for Violation of Penal Code Section 632 filed by HSBC Bank Nevada, N.A. and HSBC Card Services, Inc. (ECF No. 42).

**I. Background**

  On April 23, 2010, Defendant Household Finance Corporation of California ("Household Finance") removed the action from the Superior Court of California for the County of San Diego. (ECF No. 1). On June 7, 2010, Plaintiff Debra Ann Bailey ("Plaintiff") filed a First Amended Complaint. (ECF No. 14). Plaintiff alleges that in 2006

or 2007, she received an unsolicited credit card from "HSBC."[1]  Plaintiff alleges that in July 2009, she was no longer able to make payments on her "HSBC" credit card.  Plaintiff alleges that "Defendants persisted in a course of action in making hundreds of telephone calls to Plaintiff, mainly on her cellular telephone but also to her land line home phone, in an attempt to coerce her to make payments on her loans."  (ECF No. 14 at 7 ¶ 27).  Plaintiff alleges that Defendants used "a software system that enables [Defendants] to secretly record confidential telephone conversations ...." *Id.* at 20 ¶ 105.  Plaintiff alleges that Defendants violated California's Invasion of Privacy Act, and the Telephone Consumer Protection Act by secretly recording confidential telephonic communications "without an advisory at the initiation of the telephone call that these confidential telephonic communications could be or were being monitored and/or recorded, and without obtaining express advance consent to record such conversations or providing an advisory at the initiation of the call [that] such calls would be recorded."  *Id.* at 20-21 ¶ 108; 22 ¶ 117.

Plaintiff has asserted a class action Complaint alleging that Defendants violated (1) the California Rosenthal Fair Debt Collection Practices Act; (2) California's Invasion of Privacy Act; (3) the federal Telephone Consumer Protection Act; and (4) California Business and Professions Code section 17200 *et seq*.  On November 4, 2010, this Court granted in part and denied in part a Motion to Dismiss filed by Defendants.[2]  (ECF No. 34).

On November 29, 2010, Household Finance, HSBC Bank Nevada, N.A., and HSBC Card Services, Inc. filed an Answer.  (ECF No. 35).  On December 14, 2010, Defendant HSBC Finance Corp. filed an Answer.  (ECF No. 39).  On December 20, 2010, Plaintiff filed a Motion to Strike Affirmative Defenses.  (ECF No. 41).

---

[1] Plaintiff's allegations against "HSBC" includes Defendants HSBC Finance Corp., HSBC Card Services, Inc. and HSBC Nevada, N.A.  (ECF No. 14 at 2 n.1).

[2] Plaintiff's claims that Defendants violated California Business and Professions Code section 17200, California's Unfair Competition Law, regarding her loan and credit card were dismissed without prejudice.  (ECF No. 34).

On December 28, 2010, Defendants HSBC Bank Nevada, N.A. and HSBC Card Services, Inc. filed a Motion for Partial Summary Judgment on Plaintiff's Claim for Violation of Penal Code Section 632. (ECF No. 42).

**II.    Motion to Strike Affirmative Defenses filed by Plaintiff**

Plaintiff requests the Court strike Defendants Household Finance Corp. of California, HSBC Bank Nevada, N.A., and HSBC Card Services, Inc.'s first, third, and fifth through fourteenth affirmative defenses and Defendant HSBC Finance Corp.'s first, third, and fifth through twelfth affirmative

Plaintiff contends that the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), should govern a motion to strike affirmative defenses. Plaintiff contends that the affirmative defenses should be stricken on the grounds that they fail to assert a sufficient factual basis to meet the pleading requirements of *Twombly*. Plaintiff contends that the: "Additional Affirmative Defenses," should be stricken on the grounds that it is not an affirmative defense but "rather it is a reservation of the ability to later seek leave to amend." (ECF No. 41 at 8).

A motion to strike an affirmative defense is allowable under Federal Rule of Civil Procedure 12(f), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

*Twombly* announced a new pleading standard for complaints, but did not discuss affirmative defenses. The Court of Appeals for the Ninth Circuit has not ruled on the issue of whether the *Twombly* standard applies to affirmative defenses. Some district courts in this circuit have extended the *Twombly* standard to affirmative defenses and some have not. *Compare Trustmark Ins. Co. v. C&K Mkt., Inc.*, No. CV-10-465, 2011 WL 587574, at *1 (D. Or. Feb. 10, 2011) (declining to extend *Twombly* to affirmative defenses), *with Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (applying *Twombly* to affirmative defenses). This Court agrees with the reasoning of those courts which have held that district courts in this Circuit remain bound by the holding of *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). *See Trustmark*, 2011 WL

587574, at *1. Accordingly, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827.

After review of the pleadings and the submissions of the parties, the Court finds that, with the exception of Defendant Household Finance, HSBC Bank Nevada, N.A., and HSBC Card Services, Inc.'s fourteenth affirmative defense and Defendant HSBC Finance Corp.'s twelfth affirmative defense, each of the affirmative defenses in the Answers provide fair notice of the defense to Plaintiff.[3]

The affirmative defense "Additional Affirmative Defenses" provides that the Defendants "reserve the right to allege additional affirmative defenses and additional facts supporting their affirmative defenses after conducting further discovery, investigation, research and analyses." (ECF No.35 at 16 ¶ 12; ECF No. 39 at 18 ¶ 12). This defense is improper to the extent Defendants contend that it relieves Defendants of later complying with the standards governing motions for leave to amend pleadings in the Federal Rules of Civil Procedure; otherwise it is "immaterial." Fed. R. Civ. P. 12(f). Accordingly, Defendant Household Finance, HSBC Bank Nevada, N.A., and HSBC Card Services, Inc.'s fourteenth affirmative defense and Defendant HSBC Finance Corp.'s twelfth affirmative defense are stricken.

### III. Motion for Partial Summary Judgment on Plaintiff's Claim for Violation of Penal Code Section 632 filed by HSBC Bank Nevada, N.A. and HSBC Card Services, Inc.

Defendants HSBC Bank Nevada, N.A. and HSBC Card Services, Inc. seek summary judgment on Plaintiff's claim for violation of California Penal Code section 632 in which Plaintiff alleges that Defendants recorded confidential telephone calls without obtaining her consent.

#### A. Federal Rule of Civil Procedure 56(d)

Plaintiff requests the Motion be denied pursuant to Federal Rule of Civil Procedure 56(d). Plaintiff contends that the Motion for Partial Summary Judgment is premature on the grounds that it was filed before formal discovery had commenced and Defendants have

---

[3] With respect to the First Affirmative Defense, failure to state a claim, Federal Rule of Civil Procedure 12(h)(2) permits this defense to be raised in an answer.

1  refused to provide "such basic information as the Plaintiff's credit card account files,
2  including the date and time and physical origination of the confidential telephonic
3  communications[.]" (ECF No. 51 at 7). Plaintiff also contends that prior to filing the
4  Opposition, Plaintiff had not received a legible version of the cardmember agreement "in
5  the actual size that was allegedly mailed to Plaintiff[]" which Plaintiff contends is relevant
6  to her assertion that the cardmember agreement is void due to unconsionability. *Id*. at 11.
7  Plaintiff contends in her Opposition that additional facts which could be adduced through
8  discovery include: "the actual copy of the purported agreement, the Plaintiff's file that may
9  show what was actually sent to her, when and in what form, whether Defendants conducted
10 an internal analyses of the readability, placement and understanding of the purported
11 cardmember agreement and/or the privacy provision at issue…, Defendants' recording
12 practices and policies, who oversees these practices and policies, what entities are calling,
13 what entities are recording, who is talking to Plaintiff, who is listening to Plaintiff, who is
14 listening to the recordings, and what their employment relationships are, if any, with HSBC
15 Bank Nevada." *Id*. at 28.
16       Plaintiff's counsel states in her declaration that "[s]ince defendants' motion was
17 filed on December 28, 2010, both my co-counsel and I asked [defense counsel] to produce
18 documents related to Plaintiff's credit card file. We asked to see the documents to
19 determine what if any evidence existed as to the purported cardmember agreement." (ECF
20 No. 51-1 at 2). Plaintiff's counsel states in her declaration that on January 25, 2011, she
21 "specifically asked for a copy of the purported cardmember agreement in the actual size it
22 was supposedly mailed to Plaintiff." *Id*. Plaintiff's counsel states in her declaration that
23 she "did not receive any documents from [defense counsel] until Friday, February 11, 2011
24 at 6:14 p.m. when [she] received an email from [defense counsel] stating 'Today I received
25 the paper copies of the cardmember agreement and inserts. They will be delivered to your
26 office Monday. For convenience, a pdf of those documents, as well as other documents
27 related to Ms. Bailey's account, is attached.'" *Id*. at 3.
28       Defendants contend that Plaintiff's request for discovery is procedurally deficient on

1  the grounds that Plaintiff has asserted several facts that she seeks to adduce in discovery as
2  part of her Opposition, but Plaintiff's counsel, Elizabeth Arleo, has failed to assert the facts
3  she seeks to adduce in discovery as part of her declaration.  Defendants contend that the
4  declaration only identifies the discovery efforts Plaintiff's counsel has taken regarding an
5  archived paper copy of the cardmember agreement, which Plaintiff's counsel admits was
6  received prior to the filing of her Opposition.  Defendants also contend that discovery in
7  not necessary because a version of the cardmember agreement was attached to the motion.
8  Defendants contend that "the purported additional facts either have already been produced
9  or would not bear on the issues in this Motion."  (ECF No. 52 at 11).

10  Pursuant to Federal Rule of Civil Procedure 56(d) provides: "If a nonmovant shows by
11  affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its
12  opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain
13  affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed.
14  R. Civ. P. 56(d).  The Rule "provides a device for litigants to avoid summary judgment when
15  they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap*
16  *Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).  A Rule 56(d) "'continuance of a motion
17  for summary judgment for purposes of conducting discovery should be granted almost as a
18  matter of course unless the non-moving party has not diligently pursued discovery of
19  evidence.'"  *Burlington N. Santa Fe R.R. Co. v. The Assiniboine and Souix Tribes of the Ft.*
20  *Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (*citing Wichita Falls Assoc. v. Banc*
21  *One Corp.* 978 F.2d 915, 919 n.4 (5th Cir. 1992)).

22  However, "[f]ailure to comply with [the requirements of Rule 56(d)] is a proper ground
23  for denying relief."  *Kitsap Physicians Serv.*, 314 F.3d at 1000 (citing *California ex rel. v.*
24  *Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (holding that "[r]eferences in memoranda and
25  declarations to a need for discovery do not qualify as motions under [Rule 56(d)]."); *Weinberg*
26  *v. Whatcom Cnty*, 241 F.3d 746, 751 (9th Cir. 2001) (finding that a Rule 56(d) request a non-
27  movant's opposition "was plainly inadequate.")).

28  Plaintiff has submitted a declaration stating her counsel's efforts to obtain a copy of the

1 cardmember agreement in the "actual size" that it was mailed to Plaintiff from Defendants.
2 (ECF No. 51-1 at 2). Plaintiff's declaration fails to state any reason Plaintiff cannot present
3 facts essential to its opposition. The Court finds that Plaintiff has failed to show by "affidavit
4 or declaration that, for specified reasons, [Plaintiff] cannot present facts essential to justify its
5 opposition ...." Fed. R. Civ. P. 56(d). Accordingly, Plaintiff's request for relief under Federal
6 Rule of Civil Procedure 56(d) is denied.

### B. California Penal Code Section 632

Defendants HSBC Bank Nevada, N.A. and HSBC Card Services, Inc. contend that Plaintiff consented to the recording of her telephone calls on the grounds that the cardmember agreement contained a provision which notified Plaintiff that her call may be recorded, and Plaintiff agreed to be bound by the cardmember agreement by activating and using her credit card. Defendants HSBC Bank Nevada, N.A. and HSBC Card Services, Inc. contend that the calls were not confidential communications on the grounds that Plaintiff knew or should have known that her calls could be recorded due to the privacy warning contained in the cardmember agreement. Therefore, Plaintiff did not have an objectively reasonable expectation of privacy.

Defendants have submitted the declaration of Tracy Watkins, Senior Business Relations Liaison for HSBC Bank Nevada, who states that she is "readily familiar with HSBC Card Services' procedures for mailing cardmember agreements and other account documents to its credit cardholders and documenting those actions on its systems." (ECF No. 42-2 at 3). Watkins states: "All documents regarding the account, including each mailing to the account holder, are maintained in the individual electronic file for that account ...." *Id* at 3-4. Watkins states: "HSBC Card Services' records regarding each account and the notations regarding each account are made and/or maintained in the ordinary course of HSBC Card Services' business, are made at or near the time of occurrence of the event of which they are a record, and are made and/or maintained by persons who have a business duty to HSBC Card Services to make and/or maintain such records." *Id*. at 4. Watkins reviewed Plaintiff's account information contained in the "purged memos" document contained in HSBC Card Services' account

1 origination system CDM. *Id*. Watkins states that Plaintiff's credit card account was originated on January 5, 2007 and "the credit card and cardmember agreement were mailed together to Ms. Bailey by the card issuance department." *Id*. Watkins states that Plaintiff's account was activated on January 13, 2007. Watkins states that Plaintiff's first transaction on the card occurred on January 14, 2007. Watkins has submitted Plaintiff's purged memos account information, the cardmember agreement and additional disclosures, and Plaintiff's initial billing statement.

The purged memos account information states that Plaintiff's account was originated on January 5, 2007 and contains an entry for "AG2505." *Id*. at 7. The cardmember agreement contains the identifier "AG2505." *Id*. at 20. The cardmember agreement contains a paragraph titled "Certain Privacy Practices" which states: "You agree that our supervisory personnel may listen and record telephone calls between you and our representatives in order to evaluate the quality of our service to you and to other cardmembers." *Id*. at 19. The cardmember agreement states: "'We,' 'us,' and 'our' refer to HSBC Bank Nevada, N.A." *Id*. at 17. The cardmember agreement states: "You and we are bound by this agreement from the earlier of the time you receive it or from the date of the first transaction ...." *Id*. Defendant has also submitted a copy of Plaintiff's initial credit card billing statement which states that inquiries or payments should be directed to HSBC Card Services.

Plaintiff asserts that there are genuine disputes of material fact regarding "(i) how the language at issue should be interpreted; (ii) whether the only entity named in the purported agreement, HSBC Bank Nevada, actually had its representatives call Plaintiff; (iii) whether HSBC Bank Nevada's supervisory personnel actually monitored the calls; and (iv) whether HSBC Bank Nevada used its own systems to record the telephone calls." (ECF No. 51 at 7).[4]

---

[4] Plaintiff contends that the cardmember agreement is inadmissible on the grounds that Watkins's declaration was not made on personal knowledge that the cardmember agreement was actually mailed to Plaintiff. Federal Rule of Evidence 901 provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. § 901(a). Federal Rule of Evidence 901 also provides examples of "authentication or identification conforming with the requirements of this rule" which includes: "Testimony that a matter is what it is claimed to be." Fed. R. Evid. § 901(b). The Court finds that Watkins has sufficiently authenticated the cardmember agreement.

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006) (quotation omitted). "Once the moving party comes forward with sufficient evidence, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation omitted).

A "material" fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The materiality of a fact is thus determined by the substantive law governing the claim or defense. *See Anderson*, 477 U.S. at 252; *Celotex*, 477 U.S. at 322; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Anderson*, 477 U.S. at 248).

In ruling on a motion for summary judgment, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations [and] the weighing of evidence . . . are jury functions, not those of a judge,

[when] he is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

California Penal Code section 632 provides:

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

Cal. Penal § 632(a).[5]  California Penal Code section 632 defines the term "confidential communication" as follows: "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes ... [any] circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded."  Cal. Penal § 632(c).  A confidential communication is "judged by an objective standard and not by the subjective assumptions of the parties." *Deteresa v. Am. Broadcasting Co., Inc.*, 121 F.3d 460, 463 (9th Cir. 1997) (affirming grant of summary judgment) (citation omitted).  "[A] conversation is confidential if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 768 (Cal. 2002); *see also Kearney v. Salomon Smith Barney, Inc*., 39 Cal.4th 95, 118 n.10 (Cal. App. 2006) (explaining in dicta that "California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call ..., in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded...."). "[U]nder section 632 'confidentiality' appears to require nothing more than the existence of a reasonable expectation by one of the parties that no one is 'listening in' or overhearing the conversation." *Coulter v. Bank of Am.*, 28 Cal.App.4th 923, 929 (1994) (quoting *Frio v. Super. Ct.*, 203 Cal. App.3d 1480, 1490 (1988)).

---

[5] California Penal Code section 637.2 provides: "Any person who has been injured by a violation of [Cal. Penal § 632] may bring an action against the person who committed the violation ...."  Cal. Penal § 637.2(a).

In *People v. Nakai*, 183 Cal. App. 4th 499 (Cal. App. 2010), the California Court of Appeal found that an online instant messaging conversation was not a confidential communication within the meaning of Cal. Penal Code § 632 on the grounds that the internet provider's privacy policy stated that messages could be shared, archived, printed or saved, the communication was in writing with a person Nakai did not know, the communication was transmitted via a computer which was capable of "instantaneously sending writings and photographs to thousands of people," and Nakai expressed a desire that the communication should not be shared with others indicating an awareness that it could be shared. *Nakai*, 183 Cal. App. 4th at 518.

In this case, the Plaintiff's account information states that it was originated on January 5, 2007 and contains an entry for "AG2505." (ECF No. 42-2 at 7). The cardmember agreement contains the identifier "AG2505." *Id.* at 20. The cardmember agreement contains a paragraph titled "Certain Privacy Practices" which states: "You agree that our supervisory personnel may listen and record telephone calls between you and our representatives in order to evaluate the quality of our service to you and to other cardmembers." *Id.* at 19. The cardmember agreement states: "'We,' 'us,' and 'our' refer to HSBC Bank Nevada, N.A." *Id.* at 17. The cardmember agreement states: "You and we are bound by this agreement from the earlier of the time you receive it or from the date of the first transaction ...." *Id.* Plaintiff's first transaction on the card occurred on January 14, 2007. Viewing the facts in the light most favorable to Plaintiff, the Court concludes that a reasonable factfinder could not find that Plaintiff had an objectively reasonable expectation that her conversations with HSBC Bank Nevada, N.A. would not be overheard or recorded.

Although the cardmember agreement states that "[HSBC Bank Nevada, N.A.]'s supervisory personnel may listen and record telephone calls between [Plaintiff] and [HSBC Bank Nevada, N.A.]'s representatives ...", it does not identify HSBC Card Services, Inc. as its representative. (ECF No. 42-2 at 19). HSBC Card Services, Inc. was listed on Plaintiff's credit card statement as the entity to which Plaintiff should direct inquiries or payments; however, the credit card statement does not contain a privacy warning that calls may be

1 monitored. Viewing the facts in the light most favorable to Plaintiff, the Court concludes that
2 there is a genuine dispute of material facts regarding whether Plaintiff could reasonably expect
3 that the telephone communications with HSBC Card Services, Inc. would not be overheard or
4 recorded. *See generally In re Stratosphere Corp. Securities Litigation*, 66 F. Supp. 2d 1182,
5 1193 n.3 (D. Nev. 1999) ("Where reasonable minds can draw competing inferences from the
6 same facts, summary judgment should be denied.") (citing *Lake Nacimiento Ranch Co. v. San
7 Luis Obispo Cnty*, 841 F.2d 872, 875 (9th Cir.1987)).

8 Accordingly, the Motion for Partial Summary Judgment on Plaintiff's claim for
9 violation of California Penal Code section 632 is GRANTED IN PART and DENIED IN
10 PART.

11 **IV.   Conclusion**

12 IT IS HEREBY ORDERED that the Motion to Strike Affirmative Defenses filed by
13 Plaintiff (ECF No. 41) is GRANTED as to Defendant Household Finance, HSBC Bank
14 Nevada, N.A., and HSBC Card Services, Inc.'s fourteenth affirmative defense and Defendant
15 HSBC Finance Corp.'s twelfth affirmative and DENIED as to all other affirmative defenses.
16 The Motion for Partial Summary Judgment on Plaintiff's Claim for Violation of Penal Code
17 section 632 is GRANTED as to Defendant HSBC Bank Nevada, N.A. and is DENIED as to
18 Defendant HSBC Card Services, Inc. (ECF No. 42).

19 DATED: June 29, 2011

20
21                                    **WILLIAM Q. HAYES**
                                       United States District Judge
22
23
24
25
26
27
28