**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBRA ANN BAILEY et al., <br><br>                     Plaintiff, <br>vs. <br>HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, HSBC FINANCE CORPORATION, HSBC CARD SERVICES INC., HSBC BANK NEVADA, N.A., <br><br>                     Defendants. | CASE NO. 10cv857 WQH (RBB) <br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the Motion to Compel Arbitration and Stay Action filed by Defendant Household Finance Corporation of California (ECF No. 80).

## I.    Background

      On April 23, 2010, Defendant Household Finance Corporation of California ("Household Finance") removed this class action complaint from the Superior Court of California for the County of San Diego. (ECF No. 1). On June 7, 2010, Plaintiff Debra Ann Bailey ("Plaintiff") filed a First Amended Complaint. (ECF No. 14). Plaintiff alleges that in 2007 she received a loan from Household Finance. Plaintiff alleges that she made payments on the loan until July 2009. Plaintiff alleges that she also received a credit card from HSBC Finance Corp, HSBC Card Services, Inc., and HSBC Nevada, N.A. Plaintiff alleges that she made payments on the credit card until July 2009. Plaintiff alleges that "beginning in July

1 2009, Defendants persisted in a course of action in making hundreds of telephone calls to
2 Plaintiff, mainly on her cellular telephone but also to her land line home phone, in an attempt
3 to coerce her to make payments on her loans." (ECF No. 14 at 7 ¶ 27). Plaintiff has asserted
4 the following claims against all Defendants: (1) violation of the California Rosenthal Fair Debt
5 Collection Practices Act; (2) violation of California's Invasion of Privacy Act; (3) violation
6 of the federal Telephone Consumer Protection Act; and (4) violation of California Business
7 and Professions Code section 17200 *et seq.*[1]

8 On September 14, 2011, Defendant Household Finance filed a Motion to Compel
9 Arbitration and Stay Action. On October 3, 2011, Plaintiff filed an Opposition. On October
10 7, 2011, Defendant Household Finance filed a Reply.

11 **II.  Discussion**

12 Defendant Household Finance "moves to compel arbitration of all claims brought
13 against it by Plaintiff [Bailey]."[2] (ECF No. 80-1 at 7). Defendant contends that the loan
14 agreement that Plaintiff entered into with Household Finance contained an "Arbitration Rider"
15 which provides that any claim must be resolved in arbitration and contains a waiver of a class
16 action. Defendant contends that prior to the Supreme Court's recent decision in *AT&T*
17 *Mobility LLC v. Concepcion*, __ U.S. __, 131 S.Ct. 1740 (2011) ("*Concepcion*"), the class
18 action waiver "would have been unenforceable in the Circuit." (ECF No. 80-1 at 7).
19 Defendant Household Finance contends that given the change in law, it has not waived its right
20 to arbitration.

21 Defendant has submitted the "Loan Repayment and Security Agreement"
22 ("Agreement") which contains an "Arbitration Rider" that states:

23 > This Arbitration Rider is signed as part of Your Agreement with Lender
24 > and is made a part of that Agreement. By signing this Arbitration Rider,
> you agree that either Lender or you may request that any claim, dispute,

---

[1] On November 4, 2010, this Court dismissed Plaintiff's claim that Defendants violated California's Unfair Competition Law. (ECF No. 34).

[2] Defendant Household Finance states that "Plaintiff has also sued her credit card issuer HSBC Bank Nevada, N.A., and her credit card servicer, HSBC Card Services, Inc., related to a credit card account that is separate from her unsecured personal loan. This motion does not concern those defendants or that account." (ECF No. 80-1 at 7 n.1).

> or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether preexisting, present, or future), including initial claims, counter-claims, cross-claims, and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ('Claim'), shall be resolved, upon the election of you or us by binding arbitration pursuant to this arbitration provision ....

(ECF No. 80-2 at 12). The "Arbitration Rider" contains a "Class Action Waiver Provision" that states:

> No class actions or private attorney general actions in court or in arbitration or joinder or consolidation of claims in court or with other persons are permitted in arbitration without the written consent of the parties. The validity and effect of the preceding sentence (herein referred to as the 'Class Action Waiver Provision') shall be determined exclusively by a court and not by an arbitrator. Neither the administrator nor any arbitrator shall have the power or authority to waive, modify or fail to enforce the Class Action Waiver Provision, and any attempt to do so, whether by rule, policy, arbitration decision or otherwise, shall be invalid and unenforceable.

*Id.* at 13.

Plaintiff contends that Defendant Household Finance has waived its right to arbitrate on the grounds that it has actively litigated this case over the past eighteen months. Plaintiff contends that putative class members would be prejudiced by arbitration on the grounds that they would not have adequate time to file other actions due to approaching statute of limitations. Plaintiff contends that the Court should require that notice be given to the "class members" if the Court grants the Motion to Compel Arbitration. (ECF No. 86 at 7).

**A.  Federal Arbitration Act**

The Federal Arbitration Act ("FAA") "was enacted ... in response to widespread judicial hostility to arbitration agreements." *Concepcion*, 131 S. Ct. at 1745 (citation omitted). Section 2 of the FAA states: "A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2. The Supreme Court has described Section 2 "as reflecting both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Concepcion*, 131 S. Ct. at 1745

(quotations omitted). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Id.* at 1745-46 (citations omitted). "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *Id.* at 1747 (citation omitted).

"Because the FAA mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed, the FAA limits courts' involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (emphasis in original; quotation omitted). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

In this case, it is undisputed that the arbitration agreement encompasses the dispute at issue between Plaintiff and Defendant Household Finance.

**B.    Waiver**

In determining whether arbitration has been waived pursuant to California law, a court may consider the following factors:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

*Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1124 (9th Cir. 2008) (quoting *St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal. 4th 1187, 1196 (2003)). The waiver inquiry "must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Id.* at 1125 (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)). "Because waiver of the right to arbitration is disfavored, any party arguing waiver of

1  arbitration bears a heavy burden of proof." *Fisher*, 791 F.2d at 694 (quotation omitted); *see
2  also Sobremonte v. Superior Court*, 61 Cal. App. 4th 980, 991 (1998) ("Since arbitration is a
3  strongly favored means of resolving disputes, courts must closely scrutinize any claims of
4  waiver. A party claiming that the right to arbitrate has been waived has a heavy burden of
5  proof.") (quotation omitted).

      The Court of Appeals for the Ninth Circuit has held that a party does not act inconsistently with the right to arbitrate by failing to seek to enforce an arbitration agreement that would be unenforceable under then-existing law. *See Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986) ("It is undisputed that defendants did not seek arbitration until after the close of discovery, nine months after their answer was filed.... [T]here could be no waiver here because there was no existing right to arbitration.... Defendants actively pursued their right to arbitrate as soon as they believed, in good faith, that they had such a right."); *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 697 (9th Cir. 1986) ("Until the Supreme Court's decision in *Byrd*, the arbitration agreement in this case was unenforceable. Therefore, the [plaintiffs] have failed to demonstrate that [defendant] acted inconsistently with a known existing right to compel arbitration."). In this case, Defendant could have reasonably believed that, prior to *Conception*, California courts would have found the arbitration agreement to be unenforceable. A few months after *Conception* was decided, Defendants filed the Motion to Compel Arbitration. Accordingly, Plaintiff has failed to show that Defendants acted inconsistently with a known right to arbitrate. *See Fisher*, 791 F.2d at 697.

      The approximate ten-month delay between Defendant's Answer and the Motion to Compel Arbitration is less than the three-year delay in *Fisher*. Defendant Household Finance has not filed any dispositive motions, the motion for class certification was filed after the motion to compel arbitration, and no trial date has been set. The Court finds that the second and third waiver factors (i.e., "whether the litigation machinery has been substantially invoked" and "whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay") do not favor a finding of waiver. *Cox*, 533

F.3d at 1124 (quotation omitted). Defendant did not file a counterclaim, and there is no showing that Defendant obtained discovery which would not have been available in arbitration. *Cf. id.* (fourth and fifth waiver factors). Although Plaintiff contends that putative class members will be prejudiced by compelled arbitration, there has been no class certified in this case.[3] The Court finds that Plaintiff has failed to establish that "the delay [in moving to compel arbitration] affected, misled, or prejudiced" Plaintiff within the meaning of the relevant caselaw. *Cox*, 533 F.3d at 1124.

After considering the relevant factors, the Court finds that Defendant Household Finance has not waived the right to compel arbitration. The Court finds that the dispute between Plaintiff and Defendant Household Finance should be compelled to arbitration in accordance with the Agreement.

Under the FAA, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. "By its terms, the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). Accordingly, the Court dismisses without prejudice Plaintiff's claims against Defendant Household Finance and orders the parties to proceed to arbitration in accordance with the terms of the Agreement.[4]

**III.   Conclusion**

IT IS HEREBY ORDERED that the Motion to Compel Arbitration filed by Defendant Household Finance Corporation of California (ECF No. 80) is GRANTED. Plaintiff's claims

---

[3] Federal Rule of Civil Procedure 23 notice requirements do not apply because there has been no class certified in this case and the parties have not settled or voluntarily dismissed any class action claim.

[4] Defendant Household Finance's alternative request to stay this action as to Defendant Household Finance is DENIED as moot.

against Defendant Household Finance Corporation of California are dismissed without prejudice and the parties are ordered to proceed to arbitration in accordance with the terms of the Agreement.

DATED: October 28, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge